1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   AZHAR LAL,

11              Plaintiff,                    No. CIV S-07-2060 GEB EFB P

12        vs.

13   T. FELKER, et al.,

14              Defendants.                   ORDER

15   _____/

16        Plaintiff is a state prisoner without counsel seeking relief for alleged civil rights

17   violations.  *See* 42 U.S.C. § 1983.  He seeks leave to proceed *in forma pauperis*.  This

18   proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

19        Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

20        Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee.  *See* 28 U.S.C.

21   § 1914(a).  Plaintiff must make monthly payments of 20 percent of the preceding month's

22   income credited to his trust account.  28 U.S.C. § 1915(b)(2).  The agency having custody of

23   plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the

24   amount in the account exceeds $10 until the filing fee is paid.

25        This court must examine the complaint in "a civil action in which a prisoner seeks

26   redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C.

1

§ 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

of it, if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief.[1]  28 U.S.C. § 1915A(b).  The

court has attempted to conduct this review, but finds that the November 21, 2007, amended

complaint violates Rule 8(a) of the Federal Rules of Civil Procedure.  For the reasons explained

below, plaintiff must file an amended complaint in order to pursue this action.

The complaint is so prolix and obscure that the court cannot reasonably discharge its

responsibility under § 1915A until plaintiff complies with the pleading requirements set forth in

Rule 8 of the Federal Rules of Civil Procedure.  This rule requires the pleader to set forth his

averments in a simple, concise, and direct manner.[2]  The degree of simplicity and conciseness

required depends on the subject matter of the litigation, the nature of the claims or defenses

presented and the number of parties involved.  Wright & Miller, *Federal Practice & Procedure*,

vol. 5 § 1281 & n. 12 (1990) (explaining that an antitrust or copyright pleading due to its

complexity, must be pleaded with more detail than a simple negligence complaint).   Before

undertaking to determine whether the complaint may have merit, the court insists upon

compliance with its rules. *See McNeil v. United States*, 508 U.S. 106, 113  (1993) (federal rules

apply to all litigants, including prisoners lacking access to counsel); *see also Crawford-El v.*

*Britton*, 523 U.S. 574, 598 (1998) (encouraging "firm application" of federal rules in prisoner

cases).

In reviewing plaintiff's complaint, the court is required to guess who is being sued for

what.  If the pleading were served in its present form it would not give defendants fair notice of

the claims against them and their best guess about the nature of plaintiff's complaint may be

---

[1]  What is more, the court cannot require defendants to reply to such complaints without first determining plaintiff has a reasonable opportunity to prevail on the merits of his claims.  42 U.S.C. § 1997e(g).

[2]  A party need only plead in terms that are sufficient to provide the necessary notice to his adversary, and evidentiary material supporting the general statements normally should not be set out in the pleadings but rather should be left to be brought to light during the discovery process.  Wright & Miller § 1281 Rule 8 p. 519.

1   quite different than the court's.  *See McHenry v. Renne*, 84 F.3d 1172, 1170-78 (9th Cir. 1996)

2   (court should be able to read the complaint in minutes, not hours, and may consider the rights of

3   defendants to be free from costly and harassing litigation and other litigants waiting their turns to

4   have other matters resolved); *see also Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671,

5   674-75 (9th Cir. 1971); *Von Poppenheim v. Portland Boxing & Wrestling Commission*, 442 F.2d

6   1047, 1049-50 (9th Cir. 1971).  Here, plaintiff includes an extensive narrative containing details

7   of no apparent relevance to any theory of recovery that is cognizable under 42 U.S.C. § 1983.

8        Plaintiff need not identify the law that makes the alleged conduct wrong.   He may use

9   his own language to state, simply and directly, the wrong that has been committed and clearly

10   explain how each state actor identified as a defendant was involved and what relief plaintiff

11   requests of each defendant.  *Jones v. Community Redevelopment Agency of the City of Los*

12   *Angeles*, 733 F.2d 646 (9th Cir. 1984);  *Johnson v. Duffy*, 588 F.2d 740 (9th Cir. 1978).  In

13   reviewing the complaint to determine if it states a claim for relief, the court will construe

14   plaintiff's pleading liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  The court will

15   not dismiss a complaint without first identifying the deficiencies and giving plaintiff an

16   opportunity to cure them.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000);  *Eldridge*

17   *v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987).

18        Plaintiff's amended complaint must adhere to the following requirements:

19        A complaint must contain a caption including the name of the court and the names of all

20   parties.  Fed. R. Civ. P. 10(a).

21        More than one claim against a single defendant may be joined in the same action.  Fed.

22   R. Civ. P. 18(a).

23        Claims against different defendants may be joined in the same action only if the claims

24   arise from the same transactions or occurrences.  Fed. R. Civ. P. 20(a).

25        Each claim founded upon a separate transaction or occurrence must be set apart as a

26   "separate count."  Within each count, the circumstances that give rise to the claim must be

1    alleged in separate, numbered paragraphs.  Fed. R. Civ. P. 10(b).

2        These allegations must be short and plain, simple and direct and describe the relief

3    plaintiff seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002);

4    *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).[3]  Insofar as plaintiff

5    claims that he has been denied constitutionally inadequate medical care, he must allege that on a

6    specific day an identified state actor with individual responsibility for obtaining or providing

7    medical care knew the prisoner faced substantial risk of serious harm but deliberately

8    disregarded the risk by failing to take reasonable measures resulting in avoidable persistent

9    severe pain or avoidable substantial personal injury.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976);

10   *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

11       Plaintiff must sign the complaint.  Fed. R. Civ. P. 11(a).

12       The amended complaint must be complete in itself without reference to plaintiff's

13   original complaint.  Local Rule 15-220.

14       A prisoner pursuing civil rights claims without counsel, like all other litigants, is required

15   to obey the court's orders, including an order to amend his pleading.  *Ferdik v. Bonzelet*, 963

16   F.2d 1258, 1260-61 (9th Cir. 1992); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

17   His failure to obey the court's orders and the local and federal rules and meet his responsibilities

18   in prosecuting this action may justify dismissal, including dismissal with prejudice.  *Ferdik*, 963

19

20       [3]    Negligence is not actionable under 42 U.S.C. § 1983.  However, to illustrate the simplicity and
     brevity of statement contemplated by the rules (*see* Fed. R. Civ. P. 84), this example of a complaint based upon an
21   automobile accident is provided:

22           1.  Allegation of jurisdiction.
             2.  On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts,
23   defendant negligently drove a motor vehicle against plaintiff who was then crossing said highway.
             3.  As a result plaintiff was thrown down and had his leg broken and was otherwise injured, was
24   prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for
     medical attention and hospitalization in the sum of one thousand dollars.
25           Wherefore plaintiff demands judgment against defendant in the sum of _____ dollars and costs.

26   Form 9, Appendix of Forms to the Federal Rules of Civil Procedure.

F.2d at 1262-63 (affirming dismissal with prejudice for pro se prisoner's failure to comply with order requiring filing of amended civil rights complaint); *Pagtalunan*, 291 F.3d at 642 (affirming dismissal with prejudice for pro se prisoner's failure to comply with order requiring filing of amended habeas petition); *Moore v. United States*, 193 F.R.D. 647, 653 (N.D. Cal. 2000) (denying motion for leave to file third amended complaint and dismissing action with prejudice for pro se plaintiff's failure to comply with Rule 8); *Franklin v. Murphy*, 745 F.2d 1221, 1232-33 (9th Cir. 1984) (affirming dismissal with prejudice for pro se prisoner's failure to prosecute); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal without prejudice for pro se prisoner's failure to comply with local rule requiring he notify the court of any change of address).

Accordingly, it hereby is ordered that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed with leave to amend within 60 days.  Plaintiff shall file an original and one copy of the amended complaint, which must bear the docket number assigned to this case and be titled "Second Amended Complaint."  Failure to comply with this order may result in a recommendation the action be dismissed and, if warranted, that dismissal will be with prejudice.

Dated:  February 12, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE