1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   AZHAR LAL,

11              Plaintiff,               No. CIV S-07-2060 GEB EFB P

12        vs.

13   T. FELKER, et al.,

14              Defendants.              <u>ORDER</u>

15   _____/

16        Plaintiff is a state prisoner without counsel prosecuting a civil rights action. *See* 42

17   U.S.C. § 1983. On February 12, 2008, the court dismissed plaintiff's complaint with leave to

18   amend. On March 21, 2008, plaintiff filed a first amended complaint.

19        The court has reviewed plaintiff's amended complaint and, for the limited purposes of

20   § 1915A screening, finds that it states a cognizable claim that Florez, Mr. Cullison, Mrs.

21   Cullison, Yeager, Garrison, Cooper, Barter, and Baltzer retaliated against plaintiff and that

22   Florez, Mr. Cullison, Mrs. Cullison, Yeager, Garrison, Cooper, Barter, Baltzer and Miller

23   interfered with his medical treatment in violation of the Eighth Amendment. *See* 28 U.S.C.

24   § 1915A.

25        For the reasons stated below, the court finds that the complaint does not state a

26   cognizable claim against defendants Woodford, Felker, Dangler, Roche, Grannis or McDonald.

1

1    Plaintiff asserts that defendants Woodford and Felker are subject to liability because they

2 failed to supervise those defendants who are her subordinates.  He asserts that defendant

3 McDonald violated his constitutional rights by rejecting an administrative appeal.  Defendant

4 Dangler is alleged to falsely have told an Assistant Attorney General in plaintiff's state habeas

5 corpus proceedings that plaintiff had failed to exhaust available administrative remedies and that

6 defendant Roche signed a declaration he knew to be false.  Finally, he asserts that defendant

7 Grannis violated his rights by denying an administrative appeal and by failing to correct the

8 conduct of her subordinates.

9    To state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified defendant

10 deprived plaintiff of a right secured to him by the Constitution or laws of the United States while

11 acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  To state a claim

12 against a supervisor who did not personally inflict the injury alleged, plaintiff must allege the

13 supervisor (1) caused others to act, or knowingly refused to stop them from acting, knowing or

14 having reasonable cause to know they would inflict injury; (2) approved such conduct and injury

15 after the fact; or (3) so failed to train or control subordinates to avoid such injury as to

16 demonstrate reckless or callous indifference to constitutional injury.  *Redman v. County of San*

17 *Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc);  *Taylor v. List*, 880 F.2d 1040, 1045 (9th

18 Cir. 1989);  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989);  *Johnson v. Duffy*, 588 F.2d 740,

19 743 (9th Cir. 1978);  *see also*, *Jones v. Williams*, 297 F.3d 930, 937 & fn. 4 (9th Cir. 2002).  To

20 state a claim he was denied access to the courts, plaintiff must allege that he was denied

21 necessary assistance in preparing and filing a habeas corpus petition or section 1983 complaint,

22 such as meaningful access to an adequate law library or assistance from persons trained in the

23 law, and that the deprivation actually injured his habeas or section 1983 litigation efforts.  *Lewis*

24 *v. Casey*, 518 U.S. 343, 351, 354, 356 (1996).  To state a claim for violation of the Due Process

25 Clause of the Fourteenth Amendment, a plaintiff must allege a defendant denied plaintiff a

26 specific right protected by the federal constitution without procedures required by the

constitution to ensure fairness, or deliberately abused his power, acting without any reasonable justification in aid of any government interest or objective and only to oppress in a way that shocks the conscience. *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995); *Daniels v. Williams*, 474 U.S. 327, 31 (1986); *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972).

Plaintiff's amended complaint fails to allege facts which state a claim under any of these theories.

Plaintiff has two options.  He may proceed forthwith to serve defendants Florez, Mr. Cullison, Yeager, Garrison, Cooper, Barter, Mrs. Cullison, Baltzer and Miller, and pursue his claims against only those defendants or he may delay serving any defendant and attempt, again, to state a cognizable claim against defendants Woodford, Felker, Dangler, Roche, Grannis and McDonald.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendants Woodford, Felker, Dangler, Roche, Grannis and McDonald, he has 30 days so to do. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Florez, Mr. Cullison, Yeager, Garrison, Cooper, Barter, Mrs. Cullison, Baltzer and Miller, against whom he has stated a cognizable claim for relief, then within 20 days he must return materials for service of process enclosed herewith.  In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendants Woodford, Felker, Dangler, Roche, Grannis and McDonald without prejudice.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to

1   perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff

2   contends he was the victim of a conspiracy, he must identify the participants and allege their

3   agreement to deprive him of a specific federal constitutional right.

4       In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

5   R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.

6   Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

7   occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

8       The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d

9   1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

10   heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

11   84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

12   set forth in short and plain terms, simply, concisely and directly.  *See Swierkiewicz v. Sorema*

13   *N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

14   which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff

15   must not include preambles, introductions, argument, speeches, explanations, stories, griping,

16   vouching, evidence, attempts to negate possible defenses, summaries, and the like.  *McHenry v.*

17   *Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for

18   violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998)

19   (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in

20   prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's

21   pleading within minutes.  *McHenry*, 84 F.3d at 1179-80.  A long, rambling pleading including

22   many defendants with unexplained, tenuous or implausible connection to the alleged

23   constitutional injury, or joining a series of unrelated claims against many defendants, very likely

24   will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

25   plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

26   ////

If plaintiff's pleading is deficient on account of an omission or technical defect, the court will not dismiss it without first identifying the problem and giving plaintiff an opportunity to cure it. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  Plaintiff's pleading will be construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff violates the federal rules, once explained, or the court's plain orders.

An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

By signing a first amended complaint plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  A California prisoner or parolee may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare."  Cal. Code Regs. tit. 15, §§ 3084.1, *et seq.*  An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested."  Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department.  Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendants Florez, Mr. Cullison, Yeager, Garrison, Cooper, Barter, Mrs. Cullison, Baltzer and Miller.

////

////

Accordingly, the court hereby orders that:

1.  Claims against defendants Woodford, Felker, Dangler, Roche, Grannis and McDonald are dismissed with leave to amend.  Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants.  Plaintiff is not obliged to amend his complaint.

2.  The allegations in the pleading are sufficient at least to state cognizable claims against defendants Florez, Mr. Cullison, Yeager, Garrison, Cooper, Barter, Mrs. Cullison, Baltzer and Miller.  *See* 28 U.S.C. § 1915A.  With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed March 21, 2008, nine USM-285 forms and instructions for service of process on defendants Florez, Mr. Cullison, Yeager, Garrison, Cooper, Barter, Mrs. Cullison, Baltzer and Miller.  Within 20 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and ten copies of the endorsed March 21, 2008, complaint.  The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4.  Defendants Florez, Mr. Cullison, Yeager, Garrison, Cooper, Barter, Mrs. Cullison, Baltzer and Miller will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants Woodford, Felker, Dangler, Roche, Grannis and McDonald without prejudice.

Dated:   April 9, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   AZHAR LAL,

11           Plaintiff,                    No. CIV S-07-2060 GEB EFB P

12       vs.

13   T. FELKER, et al.,

14           Defendant.              NOTICE OF SUBMISSION OF DOCUMENTS

15   _____/

16       Plaintiff hereby submits the following documents in compliance with the court's order

17   filed _____:

18           ___1___       completed summons form

19           ___9___       completed forms USM-285

20           ___10___      copies of the ____March 21, 2008____
                                          First Amended Complaint
21

22   Dated:

23                                   _____
                                                  Plaintiff
24

25

26

                                              7