IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AZHAR LAL,

   Plaintiff,      No. CIV S-07-2060 GEB EFB P

  vs.

T. FELKER, et al.,

   Defendants.     ORDER AND
              FINDINGS AND RECOMMENDATIONS

_____/

  Plaintiff is a state prisoner proceeding without counsel in an action under 42 U.S.C. § 1983. Currently under consideration is plaintiff's second amended complaint filed May 5, 2008. For the reasons explained below, the court directs plaintiff to submit documents necessary for service of process on some defendants and recommends that claims against the other defendants be dismissed.

  On April 10, 2008, the court found that for the limited purposes of § 1915A screening, the first amended complaint stated a cognizable claim that Florez, Mr. Cullison, Mrs. Cullison, Yeager, Garrison, Cooper, Barter, and Baltzer retaliated against plaintiff and that Florez, Mr. Cullison, Mrs. Cullison, Yeager, Garrison, Cooper, Barter, Baltzer and Miller interfered with his medical treatment in violation of the Eighth Amendment. *See* 28 U.S.C. § 1915A. The court found that plaintiff failed to state a claim against any other defendants, and gave plaintiff the

opportunity either to file an amended complaint or to proceed against the defendants against whom he had stated a claim. On May 5, 2008, plaintiff filed a second amended compliant.

The court has reviewed plaintiff's second amended complaint and, for the limited purposes of § 1915A screening, finds that it states a cognizable claim that Baltzer, Barter, Cooper, Mr. Cullison, Mrs. Cullison, Florez, Garrison and Yeager retaliated against plaintiff and that Baltzer, Barter, Cooper, Mr. Cullison, Mrs. Cullison Florez, Miller, Garrison and Yeager interfered with his medical treatment in violation of the Eighth Amendment. *See* 28 U.S.C. § 1915A.

For the reasons stated below, the court finds that the complaint does not state a cognizable claim against defendants Woodford, Felker, Dangler, Roche, Grannis or McDonald.

The second amended complaint is nearly identical to the first amended complaint. However, in the second amended complaint, plaintiff adds the allegation that defendants Grannis, McDonald and Roche failed to take action to "correct" the unprofessional conduct of other defendants and that defendant Roche disagreed with another physician about whether to prescribe a particular medication. He also adds the allegation that defendant Dangler misrepresented to the Attorney General the status of an administrative appeal. He also alleges that Felker and Woodford failed adequately to train prison staff.

Plaintiff has failed to cure the deficiencies identified in his initial complaint. As explained in the first screening order, to state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified defendant deprived plaintiff of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). To state a claim against a supervisor who did not personally inflict the injury alleged, plaintiff must allege the supervisor (1) caused others to act, or knowingly refused to stop them from acting, knowing or having reasonable cause to know they would inflict injury; (2) approved such conduct and injury after the fact; or (3) so failed to train or control subordinates to avoid such injury as to demonstrate reckless or callous indifference to constitutional injury.

*Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978); *see also*, *Jones v. Williams*, 297 F.3d 930, 937 & fn. 4 (9th Cir. 2002). To state a claim he was denied access to the courts, plaintiff must allege that he was denied necessary assistance in preparing and filing a habeas corpus petition or section 1983 complaint, such as meaningful access to an adequate law library or assistance from persons trained in the law, and that the deprivation actually injured his habeas or section 1983 litigation efforts. *Lewis v. Casey*, 518 U.S. 343, 351, 354, 356 (1996). To state a claim for violation of the Due Process Clause of the Fourteenth Amendment, a plaintiff must allege a defendant denied plaintiff a specific right protected by the federal constitution without procedures required by the constitution to ensure fairness, or deliberately abused his power, acting without any reasonable justification in aid of any government interest or objective and only to oppress in a way that shocks the conscience. *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995); *Daniels v. Williams*, 474 U.S. 327, 31 (1986); *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). Even with the new allegations, the amended complaint fails to allege facts which state a claim under any theories.

Since plaintiff has not in the second amended complaint alleged facts that suggest he can state a claim, and indeed he filed nearly the identical complaint, the court declines to give plaintiff the opportunity to file yet another amended complaint. Thus, Woodford, Felker, Dangler, Roche, Grannis or McDonald must be dismissed from this action.

Accordingly, it is ordered that the allegations in the pleading are sufficient at least to state cognizable claims against defendants Florez, Mr. Cullison, Yeager, Garrison, Cooper, Barter, Mrs. Cullison, Baltzer and Miller. *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed May 5, 2008, nine USM-285 forms and instructions for service of process on defendants Florez, Mr. Cullison, Yeager, Garrison, Cooper, Barter, Mrs. Cullison, Baltzer and Miller. Within 20 days of service

1  of this order plaintiff shall return the attached Notice of Submission of Documents with the
2  completed summons, the completed USM-285 forms, and ten copies of the endorsed May 5,
3  2008, complaint.  The court will transmit them to the United States Marshal for service of
4  process pursuant to Fed. R. Civ. P. 4.  Defendants Florez, Mr. Cullison, Yeager, Garrison,
5  Cooper, Barter, Mrs. Cullison, Baltzer and Miller will be required to respond to plaintiff's
6  allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  Failure to comply with this
7  order will result in a recommendation that th is action be dismissed without prejudice.

8      It further is recommended that this action be dismissed as to Woodford, Felker, Dangler,
9  Roche, Grannis and McDonald for plaintiff's failure to state a cognizable claim against them.
10 *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent
11 prisoner proceeding without counsel must be given leave to file amended complaint unless the
12 court can rule out any possibility that the plaintiff could state a claim).

13     These findings and recommendations are submitted to the United States District Judge
14 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 15 days after
15 being served with these findings and recommendations, any party may file written objections
16 with the court and serve a copy on all parties.  Such a document should be captioned "Objections
17 to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the
18 specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
19 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

20 Dated:  October 28, 2008.

                                   EDMUND F. BRENNAN
                                   UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10   AZHAR LAL,
11            Plaintiff,              No. CIV S-07-2060 GEB EFB P
12       vs.
13   T. FELKER, et al.,
14            Defendant.              NOTICE OF SUBMISSION OF DOCUMENTS
15   _____/
16        Plaintiff hereby submits the following documents in compliance with the court's order
17   filed _____:
18            __1__     completed summons form
19            __9__     completed forms USM-285
20            __10__    copies of the __May 5, 2008__
                                       First Amended Complaint
21
22   Dated:
23
                                              _____
                                                      Plaintiff
24
25
26

5