IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AZHAR LAL,

        Plaintiff,                    No. CIV S-07-2060 GEB EFB P

    vs.

T. FELKER, et al.,

        Defendants.              <u>FINDINGS AND RECOMMENDATIONS</u>

                                /

       Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. Currently under consideration is plaintiff's November 24, 2008, motion for a preliminary injunction and a temporary restraining order. For the reasons explained below, the motion must be denied.

**I.     Relevant Procedural History**

       This action proceeds on the May 5, 2008, second amended complaint in which plaintiff claims that defendants Florez, Mr. Cullison, Mrs. Cullison, Yeager, Garrison, Cooper, Barter and Baltzer retaliated against him for exercising his First Amendment rights, and that Florez, Mr. Cullison, Mrs. Cullison, Yeager, Garrison, Cooper, Barter, Baltzer and Miller interfered with his medical treatment in violation of the Eighth Amendment. In particular, plaintiff alleges that Florez, Mr. Cullison, Yeager, Garrison, Cooper, Barter, Mrs. Cullison, Barter and Baltzer

1

retaliated against plaintiff for filing 602s by not calling him for his diabetes treatment. Plaintiff also claims that this failure to ensure he received his medication violated his Eighth Amendment rights. He alleges that defendant Miller discontinued the medication that had been prescribed to treat plaintiff's depression. On November 24, 2008, plaintiff filed a motion for a temporary restraining order and a preliminary injunction. In it, he requests an order directing all defendants from:

> destroying or losing [sic] plaintiff's legal property; setting plaintiff up to get stabbed by other inmates; setting plaintiff up with drugs, etc.; or harassing plaintiff during ordinary prison life, i.e., going to law library, etc..

Pl.'s Mot. at 2. In support of this motion, he alleges that defendants have interfered with his access to the courts in retaliation for his having filed grievances. He asserts that while he was in administrative segregation, prison officials withheld the legal materials he needed to proceed with a habeas petition in the California Supreme Court.

**II.      Standards for a Temporary Restraining Order**

A temporary restraining order is available to an applicant for a preliminary injunction when the applicant may suffer irreparable injury before the court can hear the application for a preliminary injunction. Fed. R. Civ. P. 65(b) (motion for preliminary injunction shall be set for hearing at earliest possible time after entry of temporary restraining order); *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 439 (1974) (temporary restraining order issued in state court expired ten days after action was removed to federal court); Wright, Miller & Kane, *Federal Practice & Procedure*, § 2951 (2d ed. 1995). The court addresses the need for an injunction herein and, accordingly, a temporary restraining order pending that ruling is unnecessary.

A preliminary injunction will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a very far reaching

power never to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). The Ninth Circuit standards for preliminary injunctive relief are well established:

> "The purpose of a preliminary injunction is to preserve rights pending resolution of the merits of the case by the trial." *Big Country Foods, Inc. v. Bd. of Educ.*, 868 F.2d 1085, 1087 (9th Cir. 1989). A preliminary injunction is appropriate "where plaintiffs demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in their favor." *Sw. Voter Registration Educ. Project v. Shelley,* 344 F.3d 914, 918 (9th Cir. 2003) (en banc) Shelley, 344 F.3d at 917 (internal quotation marks and citations omitted). "The irreducible minimum is that the moving party demonstrate a fair chance of success on the merits or questions serious enough to require litigation. No chance of success at all will not suffice." *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982) (internal punctuation and citations omitted).

*E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 990 (9th Cir. 2006). If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978). The threatened injury must be immediate. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). And since the remedy is equitable in nature, there must be no adequate remedy at law. *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994). If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

**III. Analysis**

As noted, plaintiff's complaint alleges that defendants have retaliated against him and interfered with his Eighth Amendment right to medical care. Nowhere in his motion does plaintiff demonstrate that he probably will prevail on the merits. Furthermore, he does not specify in his motion which defendants participated in this wrongdoing. The court cannot issue a global order enjoining all defendants from engaging in certain conduct without evidence of their

wrongdoing. However, the motion fails in other respects as well. As noted, this action concerns alleged retaliation in the form of repeated denial of heath care, which could independently constitute Eighth Amendment violations. He also alleges an apparently unrelated incident of the denial of medical care. In the complaint, he alleges retaliation for grievances he filed in June, July and August of 2006. In the instant motion, he alleges retaliation for a grievance he filed in 2008. Furthermore, the attachments to his motion are singularly unhelpful. They make it clear that plaintiff wants this court to enjoin alleged misconduct related to the denial of access to California's courts with respect to a petition for a writ of habeas corpus. But nowhere in the motion does he make any connection between the allegations in the complaint and the allegations in the motion. In addition, plaintiff seeks an order enjoining any kind of retaliatory harassment, including planting drugs on him or setting him up to be stabbed by other prisoners. He makes no allegations in the complaint or in the motion suggesting that any prison official has engaged in this type of behavior.

On this record, it does not appear that the defendants have committed any acts or omissions that threaten plaintiff with imminent harm. Rather, it appears that the allegations in the complaint are wholly unrelated to the allegations in the motion currently under consideration. For these reasons, plaintiff has failed to demonstrate that he is entitled to a preliminary injunction under the first prong of the continuum.

Plaintiff's motion also fails under the other prong. This court has found that plaintiff states a claim for relief; and, therefore, a fair question for litigations has been raised. However, plaintiff has not demonstrated that the balance of irreparable harm tips sharply in his favor. Indeed, before this court may issue a preliminary injunction, it must find that there is a presently existing threat of harm, even if injury is not certain to occur. *FDIC v. Garner*, 125 F.3d 1272, 1279-80 (9th Cir. 1997). Nothing in the record suggests that the injury he seems to allege, i.e., loss of legal materials and various forms of harassment described above, will result if the court declines to issue an order enjoining defendants from engaging in such acts. In other words, the

4

injury from which plaintiff seeks relief is purely speculative, which does not justify a finding that he faces an immediate threat of irreparable harm. *See Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1998). Thus, plaintiff has not demonstrated he is entitled to the relief he seeks.

**IV.     Conclusion**

For the reasons explained above, plaintiff has not made the showings necessary to obtain a temporary restraining order or a preliminary injunction. Thus, plaintiff's November 24, 2008, motion must be denied.

Accordingly, it is hereby RECOMMENDED that plaintiff's November 24, 2008, request for a temporary restraining order and preliminary injunction be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 28, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE