IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AZHAR LAL,

      Plaintiff,                          No. CIV S-07-2060 GEB EFB P

     vs.

T. FELKER, et al.,

      Defendants.                FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed a motion to add defendants and an unrelated amended complaint.[1] Defendants have not filed any opposition. For the reasons explained below, the undersigned recommends that plaintiff's motion to add defendants be denied and orders the amended complaint disregarded.

       This action proceeds on the amended complaint filed May 5, 2008. Dckt. No. 14. After reviewing that complaint pursuant to 28 U.S.C. § 1915A, the court directed service of process on nine defendants. Dckt. No. 17. The court dismissed all claims against defendants Woodford,

---

[1] The motion to add defendants is Docket Numbers 44. The amended complaint is Docket Number 60. While plaintiff did not file a motion to amend with the amended complaint, the court treats the amended complaint as though a proper motion had been filed with it.

1

Felker, Dangler, Roche, Grannis and McDonald. Dckt. No. 27. An answer was filed on June 5, 2009. Dckt. No. 41. The court issued a discovery and scheduling order on June 15, 2009 stating, "[m]otions to amend the complaint shall be filed no later than September 25, 2009." Dckt. No. 43, at 4. Four days after the scheduling order issued, plaintiff filed a motion to bring into this action the defendants against whom all claims had been dismissed. Plaintiff filed the amended complaint currently under consideration on September 23, 2009.[2]

When, as here, a responsive pleading has been served, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15 (a)(2). Plaintiff must also satisfy the procedural requirements of the Local Rules of this Court, which provide that:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by Court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading.

E. D. Cal. L. R. 15-220. In his motion to add defendants, plaintiff attempts to revive his claims against defendants McDonald, Miller, Roche, Grannis, Felkner and Woodford. Pl.'s Mot., at 10. Claims against these defendants were dismissed because plaintiff sued them in their supervisory capacities. Dckt. Nos. 17, 27. Plaintiff now attempts to allege with greater specificity how these defendants personally were involved in violating his right to adequate treatment for his diabetes. Plaintiff's allegations need not be recounted here because even if the court were to find that his present allegations were adequate to state claims against any of these defendants, his motion would not be granted. Plaintiff has not complied with the rule requiring that a complete new complaint be on file for the prior complaint to be deemed changed. *See* E. D. Cal. L. R. 15-220.

////

---

[2] This is the date it is deemed filed pursuant to the mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 276 (1988)(applying "mailbox rule" to prisoner seeking habeas corpus relief); *Schroeder v. McDonald*, 55 F.3d 454, 459 (9th Cir. 1995)(applying mailbox rule to prisoner plaintiff in civil rights action). The Clerk filed it on September 25, 2009.

Neither has the court approved of the filing of a partial pleading in this matter. As plaintiff has not complied with the local rule, he cannot amend his complaint. Thus, this motion must be denied.

Additionally, plaintiff filed what is identified as yet another amended complaint on September 23, 2009. That new complaint and the operative complaint are so similar that it is not clear that plaintiff actually wishes to proceed on still another amended complaint. Although it is not identical to the amended complaint upon which this action currently proceeds, *compare* Dckt. Nos. 14 & 60, they assert the same claims against the same defendants.[3] *Id*. Thus, while the September 23, 2009 complaint is somewhat different from the operative complaint, it does not attempt to state new claims or add new defendants. Thus, it appears that plaintiff thought he was required to re-file his May 5, 2008 amended complaint. As noted, the scheduling order stated that the parties could file motions to amend until no later than September 25, 2009. The caption of the proposed amended complaint states, "Amended Complaint Pursuant to Court's Order of June 12, 2009." It appears that plaintiff filed this document based on a mistaken reading of this court's order. However, the scheduling order did not direct plaintiff to resubmit his operative amended complaint. Rather, the court merely set a deadline for seeking leave to file an amended complaint adding claims or parties. The court finds that the pleading filed September 23, 2009, is not intended to amend the operative pleading. Thus, it must be given no effect in this action.

Accordingly, it hereby is ORDERED that:

1. Plaintiff's amended complaint docketed September 28, 2009 is disregarded; and

2. The Clerk shall make a notation on the docket to that effect.

////

---

[3] There is one exception. In the proposed amended complaint, plaintiff does not name Danger as a defendant. However, it does not matter because, as noted, all claims against him have been dismissed. Dckt. No. 27.

Further, it is hereby RECOMMENDED that plaintiff's June 19, 2009 motion to add defendants be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 13, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4