1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   AZHAR LAL,

11              Plaintiff,                 No. CIV S-07-2060 GEB EFB P

12        vs.

13   T. FELKER, et. al,

14              Defendants.                ORDER

15   _____/

16        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  Pending before the court are plaintiff's motions for judicial intervention, for

18   protection of legal property, and to compel discovery responses, as well as defendants' motion to

19   vacate the scheduling order.

20   **I.     Motion for Judicial Intervention**

21        The court issued an order on July 7, 2009, explaining that defendants Barter and Cooper

22   had not been served with process because they could not be found at the institution or in the

23   CDC locator, and ordering plaintiff to provide new addresses where these defendants could be

24   served.  Dckt. No. 49.  The court advised plaintiff to seek such information through the

25   California Public Records Act or any other means available, and wrote, "[i]f plaintiff's access to

26   the required information is denied or unreasonably delayed, plaintiff may seek judicial

1

intervention."  On August 17, 2009, plaintiff filed a motion for judicial intervention, explaining

that he requested the unserved defendants' information from his warden pursuant to the

California Public Records Act but had not received a response.  Pl.'s Mot. For Jud. Interven. at

1-3.  Plaintiff claims that prison officials gave false information to the U.S. Marshal by stating

that defendant Barter no longer worked at the institution.  Id. at 2.  Plaintiff claims that he

personally recently saw Barter working at the institution, and submits a declaration by another

inmate who also swears that he, too recently saw Barter working at the institution.[1]  Id., Ex. B.

Plaintiff later claimed that he had also seen defendant Cooper working at the institution.  Mot. to

Compel, Ex. C.

On November 5, 2009, the court informed plaintiff that the U.S. Marshal had also been

unable to serve defendant Florez, and instructed plaintiff to seek Florez's address through the

California Public Records Act or any other means available.  Dckt. No. 65.  On December 2,

2009, plaintiff filed another document titled "Notice of Submission of Documents and Further

Directions to US Marshal."  Dckt. No. 69.  Plaintiff explained that he had sought the unserved

defendants' addresses through requests to the warden pursuant to the California Records Act and

through discovery, but the warden had not responded and defendants had objected to his

discovery requests.  Id. at 2-3.  Plaintiff asked that the unserved defendants be served through the

Department of Corrections Headquarters.  Id. at 3.

Defendants have not opposed plaintiff's motion for judicial intervention.  It appears that,

despite his diligence in seeking the unserved defendants' addresses, plaintiff has been denied

access to that information.  Accordingly, the court orders defendants' counsel to query the

Department of Corrections and Rehabilitation to ascertain whether the Department has relevant

---

[1] Plaintiff also submits evidence that prison officials lied about confiscating his typewriter cover and forged his signature.  Pl.'s Mot. For Jud. Interven. at 5-7.  As plaintiff acknowledges, this issue is not before the court.  See id. at 6.  Plaintiff also asks the court to order that he be transferred to CSP-Sacramento so that his children can visit him more conveniently.  Id. at 4-5.  Plaintiff presents no legal argument to justify this request, and it is denied.

1   information that as to the whereabouts of defendants Barter, Cooper, and Florez.  If any of these

2   defendants are still employed with the Department of Corrections or Rehabilitation or any other

3   California state agency, counsel shall provide the business address to plaintiff.  If counsel is

4   otherwise informed from the check of the Department's records of the business address of any of

5   the defendants, counsel shall promptly provide the address to plaintiff.  If counsel is informed

6   from that records check as to the residence address of the any of the defendants, counsel shall

7   promptly provide that information to the U.S. Marshal's office for this district so that the

8   Marshal may complete his compliance with this court's order directing service of process.  In the

9   event that counsel, after conducting a good-faith inquiry, cannot ascertain the business or

10   residence address of any or all of the defendants, counsel shall so inform the court.  Defendants'

11   counsel shall file and serve the appropriate response within thirty days of the date of this order.

12   **II.      Motion for Protection of Legal Property**

13          On December 28, 2009, plaintiff filed a motion asking the court to issue an order to

14   protect his legal property from confiscation by prison officials.  Dckt. No. 77.  He states that

15   officers have threatened that his legal property will "come up missing," and that his cell has been

16   searched in retaliation for filing an appeal.  *Id.*  He submits declarations from other inmates

17   stating that their legal materials have been taken from them, that "when prisoners file 48 [sic]

18   U.S.C. 1983 action usually one's property comes up missing," and that "usually, prison officials

19   retaliate against inmates who initiate civil litigation by throwing their legal paper away in the

20   hopes it will bring that action to a close."  *Id.*, Exs. A, B.

21          Plaintiff justifies his request by citing 18 U.S.C. § 3192, which states that the President of

22   the United States shall "take all necessary measures for the transportation and safekeeping" of an

23   extradited prisoner.  *See id.* at 3-4.  Plaintiff does not explain how this statute is applicable to his

24   situation.  As plaintiff does not allege that he has been harmed and merely engages in

25   speculation that he may be harmed in the future, there is no basis for a court order.  The motion

26   is denied.

1    **III.    Motion to Compel**

2          On September 28, 2009, plaintiff filed a motion to compel discovery responses.  Dckt.

3    No. 61.  Defendants oppose.  Dckt. No. 64.

4          **A.      Interrogatories**

5          Plaintiff claims that defendants' responses to his first set of interrogatories are evasive, as

6    they "did not answer 90% of the interrogatories."  Mot. to Compel at 2.  He states that

7    defendants' objections to his interrogatories are generally unfounded.  *Id.*, Ex. G.  However,

8    plaintiff does not state how any of defendants' interrogatory responses are evasive or why

9    defendants' objections are unfounded.  The court has reviewed the responses and does not find

10   that they are so obviously evasive that plaintiff is entitled to relief without making specific

11   arguments.

12         Plaintiff also states that page 5 of defendant Miller's interrogatory responses is missing.

13   *Id.* at 2.  Defendants state that there was a page missing from defendant Yaeger's responses, but

14   that they have now provided plaintiff with a copy.  Opp'n at 2.  It thus appears that this dispute

15   has therefore been resolved.

16         **B.      Production of Documents**

17         Defendants objected to 16 of the 19 document requests at issue in plaintiff's motion to

18   compel by stating without explanation or elaboration that each request "is overly broad,

19   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence."

20   Mot. to Compel, Ex. B.  Boilerplate objections such as these are improper.  *See A. Farber &*

21   *Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (general or boilerplate objections

22   such as "overly burdensome and harassing" are improper); *see also McLeod, Alexander, Powel*

23   *& Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (objections that document

24   requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet

25   objecting party's burden of explaining why discovery requests were objectionable); *Panola Land*

26   *Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985) (conclusory recitations of

4

1    expense and burdensomeness are not sufficiently specific to demonstrate why requested

2    discovery is objectionable).  Except where defendants support the objections in their opposition

3    to plaintiff's motion to compel, the court does not individually analyze each of defendants'

4    boilerplate objections.

5            Defendants argue that requests 1-8 and 10-11 relate to records contained in plaintiff's

6    central and medical files, to which he has access, and that therefore they are not obligated to

7    produce them.[2]  *Id.* at 3-4.  Plaintiff asserts that he has requested his medical records from the

8    prison but has been unable to obtain a complete copy of his file, despite filing an internal appeal.

9    Mot. to Compel, Ex. C.  Defendants provide evidence that in response to plaintiff's appeal, he

10   was given over 900 pages of medical records and that a prison official wrote that copies were

11   made "of all 4 charts."  Opp'n at 4; Ex. A.  Plaintiff does not claim that he has requested a copy

12   of his central file through the prison, but does claim that prison procedures for obtaining the file

13   are inadequate.  Mot. to Compel, Ex. C.

14           Courts are split on whether a party need produce records under Rule 34(b) if the

15   propounding party has equal access to the information sought.  *Compare Rowlin v. Alabama*

16   *Dep't. of Public Safety*, 200 F.R.D. 459, 462 (M.D. Ala. 2001) (party complies with discovery

17   rule regarding records if it affords opposing sides equal access to information sought) and

18   *Williams v. Prosper*, No. CIV S-06-0160, 2008 WL 2168891 (E.D. Cal. May 23, 2008) (same)

19   with *St. Paul Reinsurance Company, Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, 514

20   (N.D. Iowa 2000) (objection that documents are equally available to the propounding parties is

21   meritless).  However, the court need not decide the issue here because plaintiff claims that he

22   does not have adequate access to his medical and central files.  Although defendants show that

23

24           [2] Defendants also assert that request 16 relates to plaintiff's medical records, but they are
     mistaken.  *See id.* at 3.  Request 16 asks for "[c]omplete prison records of all *defendants*"

25   (emphasis added).  Mot. to Compel, Ex. A.  Similarly, defendants erroneously group request 12,
     seeking copies of all grievances filed against various prison employees, with requests 10 and 11,
     seeking copies of plaintiff's inmate appeals, asserting that all of the requests relate "to

26   grievances in [plaintiff's central] file."  *See* Opp'n at 4; Mot. to Compel, Ex. A.

1   plaintiff received 900 pages of records, and that a prison official made a somewhat cryptic

2   notation that these were copies of "all four charts," defendants do not show that the specific

3   documents that plaintiff has requested are contained within those 900 pages.  Neither do

4   defendants attempt to rebut plaintiff's assertion that prison procedures for obtaining his central

5   file are inadequate.  The motion to compel is granted as to requests 1-8 and 10-11.

6          Request number 9 seeks the names and badge numbers of every third-watch medical

7   technical assistant that worked at D-facility medical clinic from August through November 2007.

8   Mot. to Compel, Ex. A.  Defendants assert that plaintiff is on a "fishing expedition" and that he

9   has not explained what testimony these witnesses would offer.  Opp'n at 5.  As discussed above,

10  plaintiff has been unable to locate and serve several MTA defendants.  The information that

11  plaintiff seeks may allow him to accurately identify and serve these defendants.  The court finds

12  that the names and badge numbers of MTAs that plaintiff may have come into contact with

13  during this time period are reasonably calculated to lead to the discovery of admissible evidence.

14   The motion to compel is granted as to request number 9.

15         Requests 12 and 16 seek, respectively, copies of grievances and complaints filed against

16  various prison employees, and "complete prison records" of all defendants.  Mot. to Compel, Ex.

17  A.  Defendants objected to request 12 using their boilerplate objection.  *Id*., Ex. B.  In their

18  opposition to the motion to compel, defendants argue that plaintiff has not shown how

19  "grievances or other complaints filed against defendants by other prisoners, regardless of their

20  subject matter or merit, are relevant to his particular claims."  Opp'n at 4.  Defendants originally

21  objected that request 16 was overly broad, not reasonably calculated to lead to the discovery of

22  admissible information, and that the documents sought were privileged under California law.

23  Mot. to Compel, Ex. B.  In their opposition, defendants now contend that "federal common law

24  recognizes a qualified privilege for official information."  Opp'n at 6.

25         The personnel records of officers defending civil rights actions, while containing

26  sensitive information, are within the scope of discovery.  *Soto v. City of Concord*, 162 F.R.D.

6

1  603, 614-15 (N.D. Cal. 1995); *Hampton v. City of San Diego*, 147 F.R.D. 227, 230-31 (S.D. Cal.

2  1993); *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992).  The personnel records of the

3  defendants in this action, as well as grievances filed against them that may not be contained in

4  their personnel records, have general relevance under Rule 26(b) for the same reasons.

5  However, federal law does recognize a qualified privilege for official information, and

6  government personnel files are considered official information.  *Sanchez v. City of Santa Ana*,

7  936 F.2d 1027, 1033 (9th Cir.1990).  The official information privilege exists to ensure

8  disclosure of discoverable information without compromising the State's interest in protecting

9  the privacy of law enforcement officials and in ensuring the efficacy of its law enforcement

10  system.  *Kelly v. City of San Jose*, 114 F.R.D. 653, 662-63 (N.D. Cal. 1987).  "In the context of

11  civil rights suits against [corrections officials], this balancing approach should be 'moderately

12  pre-weighted in favor of disclosure.'"  *Soto*, 162 F.R.D. at 613 (quoting *Kelly*, 114 F.R.D. at

13  661).  Whether personnel files are privileged depends upon the balance of "potential benefits of

14  disclosure against potential disadvantages; if the latter is greater, the official information

15  privilege may bar discovery."  *Miller*, 141 F.R.D. 299.  Because "privileges operate in

16  derogation of the truth finding process the law places the burden of proving all elements

17  essential to invoking any privilege on the party seeking its benefits."  *Kelly*, 114 F.R.D. at 662;

18  Fed. R. Civ. P. 26(b)(5).

19  Defendants have not complied with their obligation to prepare a proper privilege log to

20  assert their claims of privilege here.  To invoke the official information privilege the party

21  opposing discovery must, in addition to a privilege log, submit an affidavit from an official of

22  the agency in control of the materials sought addressing the following concerns: (1) an

23  affirmation that the agency has maintained the confidentiality of the materials it refuses to

24  disclose; (2) a statement that the affiant personally has reviewed the material in question; (3) a

25  specific identification of the privacy interests that would be threatened by disclosure to the

26  plaintiff; (4) a description of how disclosure pursuant to a "carefully crafted protective order

would create a substantial risk of harm to significant governmental or privacy interests;" and (5) a projection of the extent of harm that would befall the threatened interests if disclosure were ordered. *Kelly*, 114 F.R.D. at 670. The reason for requiring this sort of showing is to provide the court with the information it needs to make a reasoned assessment of the weight of the interests, in the particular situation before the court, against the requested disclosure. The more specific the government's affidavit, the better it equips the court to do its job. *Id.*

The court cannot find that the documents plaintiff seeks are privileged unless defendants provide the specific information required under *Kelly*. Accordingly, defendants shall, within twenty-one days, either turn over the records sought, or produce redacted copies of those documents together with a proposed protective order that provides for the redaction of sensitive information. Any withheld information shall be specifically itemized in a privilege log that satisfies federal law. Additionally, defendants shall submit any withheld information for in camera inspection. Again, it was defendants' burden either to produce the requested documents or move for a protective order. Refusal to produce discovery based on a blanket assertion of privilege and without a proper privilege log is clearly not an appropriate response to the discovery request.

Requests 13, 14 and 15 seek the production of CDC and HDSP policies, procedures and regulations for, respectively, crushing medications, treating inmates with diabetes, and ordering and providing diabetic inmates with P.M. nutritional bags. Mot. to Compel, Ex. A. Defendants assert that crushing medications is not at issue in this case, and plaintiff offers no explanation of the policy's potential relevance. *See* Opp'n at 5. The motion to compel is denied as to request 13. Defendants assert that they have already produced the entire policy regarding the treatment of inmates with diabetes, and plaintiff does not explain the basis for his contention that "the full text" has not been disclosed. *See id.*; Mot. to Compel, Ex. C. The motion to compel is denied as to request 14. Finally, in response to request 15, defendants assert that the plaintiff "does not explain why he believes" that such a policy exists and why it is relevant, but do not actually deny

its existence.  Opp'n at 4.  As the policy pertains to the treatment of inmates with diabetes, the exact subject of this lawsuit, it is relevant.  The court orders defendants to produce the policy if it exists or verify in a sworn response that it does not.  The motion to compel is granted as to request 15.

Requests 17 and 18 seek policies concerning medical staff treatment of prisoners and their supervision.  Mot. to Compel, Ex. B.  Defendants state that there is no failure-to-supervise claim in this action, and that plaintiff does not explain "what specific 'rules' he is seeking or how those rules, if they exist, are applicable to his medical care and the supervision of staff providing such care."  Opp'n at 7.  As defendants note, discovery requests need only be reasonably calculated to lead the discovery of admissible evidence.  *Id.*  Policies pertaining to the supervision of medical staff may reveal information about staff treatment of inmates.  The motion to compel is granted as to requests 17 and 18.

Finally, request 19 seeks the identity of the person who provided the US Marshal with assistance in serving defendants.  Mot. to Compel, Ex. B.  Defendants argue that because plaintiff does not allege that this person is not a defendant, the information is not relevant.  Opp'n at 7.  However, as discussed above, plaintiff has had difficulty serving some of the defendants even though he believes that they continue to work at the prison.  Discovery is an appropriate vehicle to seek information regarding defendants' whereabouts, and the identity of the person who allegedly falsely stated that they no longer worked at the institution is therefore relevant.  The motion to compel is granted as to request 19.

Plaintiff's motion to compel is therefore granted as to requests for production 1-12 and 15-19 and denied as to requests 13-14 and all interrogatories.

**IV.    Motion to Vacate Scheduling Order**

Defendants move the court to vacate the date for filing pretrial discovery motions.  Dckt. No. 66.  The motion is granted.  The court will issue revised pretrial dates after defendants comply with this order.

Accordingly, it is ORDERED that:

1.  Plaintiff's August 17, 2009 motion for judicial intervention is granted.

2.  As addressed more specifically above, defendants' counsel shall make inquiry with the Department of Corrections and Rehabilitation to ascertain the whereabouts of defendants Barter, Cooper, and Florez, and file and serve their response within 30 days of the date of this order.

3.  Plaintiff's September 28, 2009 motion to compel discovery is partially granted and partially denied.  Defendants are ordered to either produce documents responsive to request 12 and 16 or prepare a privilege log that complies with federal law within 30 days.

4.  Defendants' November 11, 2009 motion to vacate the scheduling order is granted.

5.  Plaintiff's December 28, 2009 motion for the protection of legal property is denied.

Dated:  February 10, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE