IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AZHAR LAL,

        Plaintiff,                       No. CIV S-07-2060 GEB EFB P

vs.

T. FELKER, et. al,

        Defendants.                  ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On February 11, 2010, the court issued an order partially granting and partially denying plaintiff's motion to compel. Dckt. No. 79. Defendants have filed a motion for reconsideration. Dckt. No. 80. Their motion addresses the part of the order requiring defendants to supplement their document production in response to document requests 1 through 8, 10 through 12, and 16 through 18, as discussed below.

        Defendants argue that the magistrate judge "improperly shifted the burden to defendants to prove the obvious, i.e., that these records were part of the documents provided . . . ," Defs.' Mot. for Recon. at 4; that it "should have been apparent" to the court that plaintiff's claim that some of the medical documents he requested were not among the 900+ pages he received from the prison was "not credible," id.; that the court "as a matter of common sense" should know that "not every document in a prisoner's CDCR central file concerns subjects at issue in a particular

lawsuit . . . ," id. ; and that because the defendants' objections to the discovery request included an unexplained objection as to relevancy the defendants' unexplained assertion of privilege did not require a privilege log to justify the assertion of a privilege. Id. at 6. In light of the paucity of information defendants provided in their initial objections or in their opposition to plaintiff's motion to compel, the tone of defendants' motion for reconsideration is unwarranted.

Defendants' motion for reconsideration explains, for the first time, their objections to plaintiff's requests for production. As noted in the magistrate judge's February 11, 2010 order, defendants originally objected to 16 of the 19 document requests at issue in plaintiff's motion to compel by stating without explanation that each request was "overly broad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence." Pl.'s Mot. to Compel, Ex. B. Defendants did little to elaborate on these objections in their opposition to plaintiff's motion to compel. For example, with respect to RFP 12, instead of defending and explaining each of their three objections, defendants only wrote that plaintiff had not shown "how grievances or complaints filed against defendants by other prisoners, regardless of their subject matter or merit, are relevant to his particular claims." Defs.' Opp'n to Mot. to Compel at 4. As defendants are aware, the standard for the availability of discovery is not relevance, but whether the documents sought are reasonably calculated to lead to the discovery of admissible evidence. Moreover, neither defendants' objections nor their opposition to plaintiff's motion to compel offered suggestions as to how the scope of permissible discovery might appropriately be narrowed. Only in their motion for reconsideration did defendants finally make a real effort to justify their objections to the discovery requests. This is not an appropriate use of the court's resources.

Having now been presented, in this motion for reconsideration, with an explanation for the basis of defendant's opposition to the discovery requests, the court makes the following amendments to the magistrate judge's order filed February 11, 2010.

Plaintiff's requests for production of documents 1-8 and 10-11 pertain to documents

contained in his medical and central files. Defendants' motion for reconsideration now makes it clear that defendants have made these documents available to plaintiff for inspection and copying at his institution. Defendants' motion for reconsideration also attaches copies of what they contend are the only records plaintiff has requested that might not be contained in the files they have made available to him at his institution. Accordingly, plaintiff's motion to compel is denied as moot with respect to his requests for production 1-8 and 10-11.

Plaintiff's requests for production 12 and 16 ask for documents relating to grievances and complaints filed against defendants, as well as documents contained in defendants' personnel files. Based on the new arguments presented in defendants' motion for reconsideration, the court narrows the scope of permissible discovery to documents pertaining to grievances or complaints against defendants during the last ten years, whether contained in defendants' personnel files or not. The motion for reconsideration as to these production requests is otherwise denied. If defendants withhold any documents on the basis of privilege they shall prepare a privilege log that complies with federal law and submit copies of the withheld documents to the court for in camera review.

Plaintiff's requests for production 17 and 18 ask for documents related to policies on staff supervision and medical treatment of inmates at HDSP. Based on the new arguments presented in defendants' motion for reconsideration, the court narrows the scope of permissible discovery to policies pertaining to the medical treatment and supervision of prisoners by medical staff that were in effect at HDSP from 2002 until 2007. The motion for reconsideration as to these production requests is otherwise denied.

The magistrate judge's order filed February 11, 2010 is otherwise affirmed.

Dated: March 18, 2010

GARLAND E. BURRELL, JR.
United States District Judge

3