IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AZHAR LAL,

      Plaintiff,                            No. CIV S-07-2060 GEB EFB P

      vs.

T. FELKER, et. al.,

      Defendants.                    <u>FINDINGS AND RECOMMENDATIONS</u>

      Plaintiff is a prisoner without counsel seeking relief pursuant to 42 U.S.C. § 1983. Currently pending is plaintiff's motion for a preliminary injunction.

      Plaintiff requests a single cell assignment. He states that he is assaultive towards his cellmates and that they are assaultive towards him. He states that he has gotten several rules violation reports and has been injured in fights with his cellmates. He alleges that some of his previous cellmates have refused to come back to the cell after they were taken to the shower, and submits a number of declarations from former cellmates who did not want to share a cell with him. Plaintiff claims that his nightmares cause him to yell and curse in his sleep, and his cellmates become angry at him for waking them up at night and walking around naked, although these conditions are out of his control. He states that he has been housed with known gang members and that CDCR is violating its own policy of not housing inmates of different races

1

1 together. *See* Dckt. No. 97.

2    Plaintiff's has not met the standard for issuance of a preliminary injunction and his motion must be denied. A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). The moving party must prove that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S.Ct. 365, 375-76 (2008)). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

3    Plaintiff has not shown a likelihood of success on the merits, nor has he shown any relationship between the preliminary relief sought and the subject matter of this lawsuit. This action proceeds on plaintiff's claim that defendants Baltzer, Barter, Cooper, Mr. Cullison, Mrs. Cullison, Florez, Garrison and Yeager retaliated against plaintiff and Baltzer, Barter, Cooper, Mr. Cullison, Mrs. Cullison, Florez, Miller, Garrison and Yeager interfered with his medical treatment in violation of the Eighth Amendment. In contrast, his motion for preliminary injunction involves a completely different issue, that is, his alleged need for a single-cell assignment. Apart from plaintiff's unsupported allegations there is no evidence establishing that plaintiff is likely to prevail on his medical treatment claims, or that the injunction sought is necessary to preserve the court's ability to grant effective relief on those claims and that it is the least intrusive means for doing so.

1  Moreover, plaintiff fails to identify the person who is allegedly preventing his single-cell
2  assignment. It is not clear that this person is a defendant in this action. The court is unable to
3  issue an order against individuals who are not parties to a suit pending before it. *See Zenith*
4  *Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969).

5  Finally, plaintiff admits that he has not exhausted his claim through the administrative
6  appeal process. Dckt. No. 97 at 7. 42 U.S.C. § 1997e(a) provides that no § 1983 action "shall be
7  brought . . . until such administrative remedies as are available are exhausted."

8  Accordingly, it is hereby RECOMMENDED that plaintiff's July 15, 2010 motion for a
9  preliminary injunction be denied.

10  These findings and recommendations are submitted to the United States District Judge
11  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days
12  after being served with these findings and recommendations, any party may file written
13  objections with the court and serve a copy on all parties. Such a document should be captioned
14  "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
15  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
16  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

17  Dated: July 26, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3