IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AZHAR LAL,

      Plaintiff,                No. CIV S-07-2060 KJM EFB P

vs.

FELKER, et al.,

      Defendants.         ORDER AND
FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff has filed a motion for sanctions, *see* Dckt. Nos. 129, 130, and a "Motion for Judicial Intervention" requesting that the U.S. Marshal notify him when service is effected on defendant Flores. Dckt. No. 138. Additionally, defendants have filed a motion to strike two of plaintiff's filings, an "opposition" to an answer to the complaint and a late reply brief in support of the sanctions motion. Dckt. No. 139.

I.    <u>Motion to Strike</u>

      Defendants move to strike plaintiff's September 26 "opposition to defendant Carter's answer" on the grounds that there is no provision for such a filing under the Federal Rules, and plaintiff's September 26 reply brief on his motion, because it was filed late. Although defendants cite no authority in their motion, Fed. R. Civ. P. 12(f) governs motions to strike

pleadings. That rule provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

Only pleadings are subject to motion to strike. Fed. R. Civ. P. 12(f); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Motions are not pleadings as defined by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 7(a). Accordingly, plaintiff's reply brief in support of his motion for sanctions may not be stricken pursuant to a Rule 12(f) motion to strike. *Sidney–Vinstein*, 697 F.2d at 885-86. Rather, the remedy for a late brief on a motion is provided by Local Rule 230. As it relates to the late reply brief in issue here, Local Rule 230(l) states that motions will be deemed submitted twenty-eight days after the service of the motion or when the reply is filed, whichever comes first. Here, plaintiff's reply brief was filed more than 28 days after his July 19 motion was filed. Accordingly, the brief is untimely and will be disregarded.

It is less clear whether plaintiff's "opposition to defendant Carter's answer" should be considered a pleading for purposes of Rule 12(f). However, it appears to make little difference whether the document is ordered stricken or simply disregarded because it is a filing not contemplated either by the Federal Rules of Civil Procedure or the Local Rules. There plainly is no basis for barring defendant Carter from filing an answer to the complaint. Accordingly, plaintiff's "opposition" to the answer will be disregarded. Plaintiff is admonished that he need not and should not file any "oppositions" to other defendants' answers to the complaint in the future.

II.  Motion for Judicial Intervention

On June 16, 2011, the court ordered the U.S. Marshal to serve defendants Carter and Flores. Dckt. No. 126. On August 16, 2011, a waiver of service was returned executed as to defendant Carter. Dckt. No. 133. The docket does not show that defendant Flores has been served.

////

1   Plaintiff requests "judicial intervention so that the court can keep track of the date Flores
2   is served." Dckt. No. 138 at 2. The docket reflects that Flores was served on November 3, 2011.
3   *See* Dckt. No. 140. Plaintiff's motion is denied as unnecessary.

4   III.    Motion for Sanctions

5   Plaintiff has filed a motion for sanctions, which defendants oppose. *See* Dckt. No. 129,
6   130. Plaintiff ostensibly brings the motion for sanctions pursuant to Fed. R. Civ. P.
7   37(b)(2)(A)(v), which provides that if a party fails to obey an order to provide discovery, the
8   court may dismiss the action in whole or in part. However, plaintiff obviously does not intend to
9   seek the dismissal of his own lawsuit. In the body of his motion, plaintiff writes that he seeks
10  judgment in his favor. Dckt. No. 129 at 4. Therefore, the court construes his motion as one
11  brought under Rule 37(b)(2)(A)(vi) (rendering a default judgment against a disobedient party).
12  Sanctions under this Rule are only appropriate if a party has violated a discovery order.

13  Plaintiff contends that defendants have violated this court's discovery orders in two
14  ways: 1) by failing to produce copies of all of his internal appeals, and 2) by knowingly
15  submitting false statements in a declaration attesting that there was no document setting forth a
16  policy and procedure of "P.M. nourishment bags" that was in effect in 2006 and 2007. The court
17  addresses each argument in turn.

18      A.    Internal Appeals

19  On March 4, 2011, the court granted plaintiff's motion to compel in part and ordered
20  defendants to produce "all of the internal appeals he filed at High Desert State Prison and to the
21  Director of Corrections." Dckt. No. 109 at 10.

22  Plaintiff has submitted a declaration attesting that defendants have not complied with this
23  order. Dckt. No. 129, Ex. E ("Defendant(s) have not provided plaintiff with all of plaintiff's
24  internal appeals filed at High Desert State Prison or the ones filed with the Director of
25  Corrections."). Defendants claim that they have indeed produced the documents at issue,
26  because they produced plaintiff's complete medical and central files to him, which "contained all

1 inmate appeals (CDCR 602's) filed by Lal, including the matters at issue in this action, as well as
2 Health Care Services Requests." Dckt. No. 130 at 2.  In support of this assertion, defendants'
3 counsel has submitted a declaration stating that "The central file records included all inmate
4 grievances . . . submitted by Lal.  The medical records included Health Service Requests by
5 Lal." Dckt. No. 130-1 at 3.  Missing from the declaration, however, is an affirmation that
6 defendant has conducted a reasonable search for all responsive documents and that such diligent
7 search revealed only those documents that were produced.  "If the responding party cannot
8 conduct a 'careful and thorough' search for all responsive documents within the thirty-day
9 period, it 'ha[s] an obligation to seek appropriate extensions,' *Lava Trading, Inc. v. Hartford*
10 *Fire Ins. Co.*, 2005 WL 459267, *9-10, 2005 U.S. Dist. LEXIS 2866, *28 (S.D.N.Y.2005), either
11 by agreement or, if necessary, by a motion for time under Fed. R. Civ. Pro. 6." *Novelty, Inc. v.*
12 *Mountain View Marketing, Inc.*, 265 F.R.D. 370,  at 376 (S.D. Ind. 2009)

13 Although the declaration states that there were no other grievances submitted by plaintiff,
14 the declarant, defendant's attorney, does not claim to have personal knowledge of how plaintiff's
15 grievances were filed or maintained by the department of corrections.  His declaration does not
16 explain what steps, if any, were taken to verify that all of plaintiff's grievances and health
17 service requests are, indeed, contained in the documents that have been produced to plaintiff.  In
18 contrast, plaintiff has personal knowledge of what grievances he has submitted, and has declared
19 under penalty of perjury that grievances he submitted have not been produced.  Accordingly,
20 within 21 days of the date of this order, defendants shall conduct a reasonable and diligent search
21 for all requested documents and provide the all responsive documents to plaintiff, or shall submit
22 a declaration by an individual with personal knowledge of the processing and filing of plaintiff's
23 appeals explaining the basis for defendants' assertion that all responsive documents have been
24 produced.[1]

---

26 [1] In this regard, defendant is admonished that "[t]he obligation to produce responsive documents extends to all documents over which the party has control, not merely possession.

4

B.     Counsel's Declaration

Plaintiff claims that defendants' counsel knowingly submitted an untrue declaration regarding the existence of documents relating to a policy regarding P.M. nourishment bags. Dckt. No. 129 at 2-3. The court granted plaintiff's motion to compel as to this request and ordered defendants to produce the documents or to verify in a sworn response that no policy regarding providing diabetic inmates with P.M. nutritional bags exists. Dckt. No. 79 at 8-9. Defendants' counsel then declared under penalty of perjury, "I have asked and been advised that there was no document setting forth a policy and procedures for the distribution of 'P.M. Nourishment bags' that was in effect in 2006 and 2007." Dckt. No. 129 at 24.

Plaintiff now asserts that he has independently obtained a copy of the policy in question. Dckt. No. 129 at 3. Plaintiff contends that "such a policy and procedure was being challenged before this very court in *Henderson v. Felker*...06-1325 FCD EFB." *Id.*

In response, defendants' counsel offers the following explanation. He claims that "HDSP staff had advised defendants' counsel that they did not have copies of HDSP Operating Procedure No. 705 for 2006 and 2007, and that many archived records had been lost, when a water pipe burst and flooded a room where the records were stored." Dckt. No. 130 at 3-4. Notwithstanding the earlier representation in counsel's declaration, defendants contend that they later made a copy of the policy available for plaintiff to review in a supplemental discovery response. *Id.*

As noted above, defendants' counsel's declaration states he was advised "there was no document setting forth a policy . . . that was in effect in 2006 and 2007." Defendants now admit that this is not true. In fact, it appears that defendants' counsel was told that such a policy did

---

*See McBryar v. Int'l Union of United Auto. Aerospace & Agr. Implement Workers of Am.*, 160 F.R.D. 691, 695-96 (S.D. Ind. 1993) (holding that organizations must produce documents within the possession of their officers or agents/employees); *Triple Five v. Simon*, 212 F.R.D. 523, 527 (D. Minn. 2002) ('Clearly, Defendants have a legal right to the documents and the ability to obtain the documents from their tax attorneys [representing them in another matter]. Thus, the appraisal information must be produced.')." *Novelty, Inc.,* 265 F.R.D. at 376.

exist, but that HDSP staff could not locate it.

Accordingly, within 21 days of the date of this order, defendant's counsel shall show cause why he should not be sanctioned and/or referred to the state bar for submitting an untrue declaration.

However, terminating sanctions are not an appropriate remedy here. A terminating sanction is a very severe remedy. *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). There is a five-part test, with three subparts to the fifth part, to determine whether terminating sanctions are appropriate. *Id.* The factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Id.* The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions. *Id.*

Here, defendants' counsel's declaration did not cause a significant delay in this litigation, as the parties were simultaneously litigating other discovery disputes. Nor did defendants' declaration significantly interfere with the court's management of its docket. As defendants later produced a copy of the policy to plaintiff, he has not been significantly prejudiced. Public policy favors the disposition of this case on the merits. Less drastic sanctions are available and have not yet been imposed. Thus, the court recommends denial of plaintiff's motion for terminating sanctions.

IV.     Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for judicial intervention is denied. *See* Dckt. No. 138.

2. Defendants' request to strike is denied as worded, but the court will disregard docket entries 136 and 137. *See* Dckt. No. 139.

////

6

1       3. Within 21 days of the date of this order, defendants shall produce complete copies of
2  plaintiff's internal appeals or shall submit a declaration by an individual with personal
3  knowledge of the processing and filing of plaintiff's appeals explaining the basis for defendants'
4  assertion that all of the documents have been produced; and, defendant's counsel shall show
5  cause why he should not be sanctioned and/or referred to the state bar for submitting an untrue
6  declaration.

7       Further it is hereby RECOMMENDED that plaintiff's motion for terminating sanctions
8  be denied. *See* Dckt. No. 129.

9       These findings and recommendations are submitted to the United States District Judge
10 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
11 after being served with these findings and recommendations, any party may file written
12 objections with the court and serve a copy on all parties.  Such a document should be captioned
13 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
14 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
15 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
16 DATED: December 15, 2011.

                                EDMUND F. BRENNAN
                                UNITED STATES MAGISTRATE JUDGE