1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   AZHAR LAL,

11             Plaintiff,                    No. 2:07-cv-2060 KJM EFB P

12        vs.

13   FELKER, et al.,
                                             ORDER AND
14             Defendants.                   FINDINGS AND RECOMMENDATIONS
     _____/

15

16        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  This order addresses the following: (1) defendants' response to the December

18   19, 2011 Order to Show Cause; (2) plaintiff's February 27, 2012 motion for a preliminary

19   injunction; and (3) plaintiff's April 24, 2012 request for appointment of counsel.   For the

20   reasons stated below, the order to show cause is discharged and plaintiff's request for

21   appointment of counsel is denied.  The court also recommends that plaintiff's motion for a

22   preliminary injunction be denied.

23   **I.      The Order to Show Cause Is Discharged**

24        On December 19, 2011, the court ordered defense counsel to show cause why he should

25   not be sanctioned for submitting an untrue declaration regarding the existence of certain

26   documents concerning prison policies about the distribution of evening "nourishment bags" to

1  diabetic inmates.  Dckt. No. 143.  It is apparent from defense counsel's response that the

2  declaration at issue was not untrue.  Dckt. No. 148.  Rather, it appears that plaintiff's requests for

3  those documents were ambiguous, and that after plaintiff clarified the nature of those requests,

4  defendants provided plaintiff with the requested documents.  The order to show cause is

5  discharged.

6  **II.   Plaintiff's Motion for A Preliminary Injunction Should Be Denied**

7         On February 27, 2012, plaintiff moved for a preliminary injunction.  Dckt. No. 146.

8  In the motion, plaintiff purports to bring claims against individuals named Kemp and Hamad,

9  neither of whom is a defendant in this action.  Plaintiff claims that Kemp, the law librarian at

10  California State Prison, Sacramento, is not providing inmates with adequate library time or

11  copies, is verbally abusive, and is interfering with plaintiff's ability to litigate an appeal on a writ

12  of habeas corpus.  Plaintiff also claims that Hamad is Kemp's supervisor.  As injunctive relief,

13  plaintiff requests "that the law library be employed by an employee who has full trianing [sic]

14  and authorization to run it."  Dckt. No. 146 at 9.

15        A preliminary injunction will not issue unless necessary to prevent threatened injury that

16  would impair the court's ability to grant effective relief in a pending action.  *Sierra On-Line, Inc.*

17  *v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871

18  F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a far reaching

19  power not to be indulged except in a case clearly warranting it.  *Dymo Indus. v. Tapeprinter,*

20  *Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).  In order to be entitled to preliminary injunctive relief, a

21  party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer

22  irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor,

23  and that an injunction is in the public interest."  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127

24  (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).  The Ninth

25  Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions--that

26  is, balancing the elements of the preliminary injunction test, so that a stronger showing of one

1   element may offset a weaker showing of another--survives *Winter* and continues to be valid.

2   *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010).  "In other words,

3   'serious questions going to the merits,' and a hardship balance that tips sharply toward the

4   plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter*

5   test are also met."  *Id.*  In cases brought by prisoners involving conditions of confinement, any

6   preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the

7   harm the court finds requires preliminary relief, and be the least intrusive means necessary to

8   correct the harm."  18 U.S.C. § 3626(a)(2).

9        Plaintiff has not shown a likelihood of success on the merits, nor has he shown any

10  relationship between the preliminary relief sought and the subject matter of this lawsuit.  This

11  action proceeds on plaintiff's claims that defendants at High Desert State Prison retaliated

12  against plaintiff and interfered with plaintiff's medical treatment.  In contrast, plaintiff's motion

13  for a preliminary injunction involves a completely different issue, that is, plaintiff's

14  dissatisfaction with the law librarian at California State Prison, Sacramento.  Apart from

15  plaintiff's unsupported allegations, there is no evidence establishing that plaintiff is likely to

16  prevail on his medical treatment claims, or that the injunction sought is necessary to preserve the

17  court's ability to grant effective relief on those claims and that it is the least intrusive means for

18  doing so.

19       Moreover, the allegations on which plaintiff bases his motion for preliminary injunctive

20  relief are properly the subject of another lawsuit and cannot be cannot be adjudicated in this

21  action, where they cannot be properly exhausted through the administrative appeals process.  *See*

22  *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam) *and Rhodes v.*

23  *Robinson*, 621 F.3d 1002, 1004-07 (9th Cir. 2010) (together holding that claims must be

24  exhausted prior to the filing of the original or supplemental complaint); *Jones v. Felker*, No. CIV

25  S-08-0096 KJM EFB P, 2011 U.S. Dist. LEXIS 13730, at *11-15 (E.D. Cal. Feb. 11, 2011); Fed.

26  R. Civ. P. 20(a)(2) (multiple defendants may be joined in an action only where the suit regards

1  "the same transaction, occurrence, or series of transactions or occurrences" or "any question of

2  law or fact common to all defendants").

3        Additionally, prison officials at California State Prison, Sacramento, against whom

4  plaintiff seeks injunctive relief, are not a parties to this lawsuit.  The court cannot issue an order

5  against individuals who are not parties to a suit pending before it.  *See Zenith Radio Corp. v.*

6  *Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969).  *See also Zepeda v. United States*

7  *Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an

8  injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the

9  claim; it may not attempt to determine the rights of persons not before the court.").

10        Accordingly, plaintiff's motion for preliminary injunctive relief, must be denied.

11  **III.   Plaintiff's Request for Appointment of Counsel is Denied**

12        Plaintiff requests that the court appoint counsel.[1]  Dckt. No. 150.  District courts lack

13  authority to require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v.*

14  *United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court

15  may request an attorney to voluntarily to represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1);

16  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332,

17  1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the

18  court must consider the likelihood of success on the merits as well as the ability of the plaintiff to

19  articulate his claims pro se in light of the complexity of the legal issues involved.  *Palmer v.*

20  *Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Having considered those factors, the court finds there

21  are no exceptional circumstances in this case.

22        Accordingly, IT IS HEREBY ORDERED that:

23        1.  The December 19, 2011 order to show cause (Dckt. No. 143) is discharged.

24  ////

25

26      [1] Although the request was metered for mailing on July 9, 2010, it was not received by the court until April 24, 2012.

4

1    2.  Plaintiff's April 24, 2012 request for appointment of counsel (Dckt. No. 150) is

2 denied.

3    Further, IT IS HEREBY RECOMMENDED that plaintiff's February 27, 2012 motion for

4 a preliminary injunction (Dckt. No. 146) be denied.

5    These findings and recommendations are submitted to the United States District Judge

6 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

7 after being served with these findings and recommendations, any party may file written

8 objections with the court and serve a copy on all parties.  Such a document should be captioned

9 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

10 within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

11 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

12 DATED:  June 21, 2012.

13

14       EDMUND F. BRENNAN

15       UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26