IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AZHAR LAL,

      Plaintiff,                       No. 2:07-cv-2060 KJM EFB P

     vs.

FELKER, et al.,

      Defendants.            <u>ORDER</u>

                              /

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This order addresses (1) plaintiff's May 4, 2012 motion to compel, (2) defendants' May 25, 2012 motion for summary judgment and plaintiff's request for an extension of time to oppose that motion and objection to defendants' expert, (3) plaintiff's June 12, 2012 motion for appointment of an expert, and (4) plaintiff's July 6, 2012 request for an extension of time to file objections to the June 22, 2012 findings and recommendations.

**I.    Plaintiff's Motion to Compel and Dispositive Motions Deadline**

On May 4, 2012, plaintiff filed a motion to compel defendants to produce his mental health records and to sanction defendants for failing to disclose those records. Dckt. No. 151. Plaintiff explains that in August of 2011, in responding to one of plaintiff's motions, defendants noted that a psychiatrist had found that plaintiff wanted to continue taking a certain medication

1

even though it could adversely affect control of plaintiff's blood glucose levels.  Dckt. No. 151.  This apparently prompted plaintiff to send a letter to defense counsel eighth months later, in April of 2012, requesting a copy of plaintiff's "mental health file."[1]  *Id.*, Appx. A.  In response, defense counsel informed plaintiff that defendants would respond to a formal request for production of documents under Federal Rule of Civil Procedure 34, and that plaintiff was free to request a copy of his mental health records from the custodian of those records.  *Id.*, Appx. B.  Plaintiff then filed the instant motion.  On May 16, 2012, defendants opposed plaintiff's motion.  Dckt. No. 152.  Plaintiff did not file a reply.  For the reasons stated below, plaintiff's motion is denied.

Defense counsel informed plaintiff that defendants would respond to a properly served request for production, but it appears that plaintiff never properly served such a request before bringing the instant motion to compel.  As defendants have not failed to respond to a proper discovery request, there is no basis for the order requested by plaintiff.  Plaintiff's motion must therefore be denied.  *See Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) (procedural requirements apply to all litigants, including prisoners lacking access to counsel); L.R. 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.").

Moreover, plaintiff's motion is substantively deficient in that it fails to identify with any specificity what additional documents he seeks from defendants.  In their opposition, defendants explain that they provided plaintiff with copies of medical records concerning the review of plaintiff's medications, and regarding the medications ordered by plaintiff's doctors for his medical or mental health problems.  Dckt. No. 152 at 3.  Plaintiff, who did not file a reply, does

---

[1] Plaintiff's contention that defendants should have produced his mental health records under the initial disclosure provisions of Federal Rule of Civil Procedure 26(a) is misguided, as actions brought by state prisoners without an attorney are exempt from the initial disclosure provisions.  *See* Fed. R. Civ. P. 26(a)(B)(iv).

not explain how defendants' production in this regard is inadequate.

Aside from these procedural and substantive deficiencies, plaintiff's motion must also be denied as moot. Defendants submit documentation showing that on June 14, 2012, plaintiff received copies of his mental health records through the prison's litigation coordinator. Dckt. No. 156 at 5, Ex. A.

The court notes that on February 11, 2010 the court granted defendants' request to vacate the deadline for filing dispositive motions pending resolution of plaintiff's September 23, 2009 motion to compel. Dckt. Nos. 61, 66, 79. In order to resolve the motion to compel, discovery necessarily continued beyond the September 25, 2009 deadline set in the court's June 15, 2009 discovery and scheduling order. *See* Feb. 11, 2010 Order, Dckt. No. 79 (granting plaintiff's motion to compel in part, and ordering defendants to produce responsive documents or prepare a privilege log); Mar. 19, 2010 District Judge's Order, Dckt. No. 85 (modifying Feb. 11, 2010 Order in part); Mar. 4, 2011 Order, Dckt. No. 109 (ordering defendants to produce to plaintiff his central and medical files, certain internal appeals documents, and other non-privileged documents); May 18, 2011 Order, Dckt. No. 121 (modifying Mar. 4, 2011 Order in part); Dec. 19, 2011 Order, Dckt. No. 143 (ordering defendants to produce to plaintiff all documents responsive to his request for copies of appeals and ordering defense counsel to show cause for potentially sanctionable conduct in discovery); Mar. 8, 2012 District Judge's Order, Dckt. No. 147 (denying defendants' request for reconsideration of Dec. 11, 2011 Order); June 22, 2012 Order, Dckt. No. 157 (discharging order to show cause). The discovery issues, originally raised in plaintiff's September 23, 2009 motion to compel are now resolved and discovery in this action is closed. The new deadline for filing dispositive motions is September 4, 2012.

**II.    Defendants' Motion for Summary Judgment**

On May 25, 2012, defendants filed a motion for summary judgment, which plaintiff has not yet opposed. *See* Dckt. No. 154 (plaintiff's request for 90-day extension of time to file

////

opposition); Dckt. No. 158 (plaintiff's objection to defendants' expert on summary judgment and request for order directing librarian to allow plaintiff copies in excess of 50-pages).

To ensure that plaintiff has "fair, timely and adequate notice" of what is required of him to oppose defendants' motion, the court must deny the motion without prejudice to its re-filing, and to concurrently serving plaintiff with notice of the requirements for opposing a motion for summary judgment.[2] *See Woods v. Carey*, ___ F.3d ___, Nos. 09-15548, 09-16113, 2012 U.S. App. LEXIS 13779 (9th Cir. July 6, 2012) ("The *only* satisfactory practice to ensure that prisoners receive adequate notice pursuant to *Rand* . . . is to provide such notice *at the time that the relevant motions are filed*." (emphasis added)); *Rand v. Rowland*, 154 F.3d 952, 960 (1998) (en banc) (requiring that the notice state that the court has required that it be given and that it be set forth in a separate document that is served with the moving papers). Plaintiff's requests related to the motion for summary judgment (Dckt. Nos. 154, 158), must therefore denied as moot.

**III.   Plaintiff's Motion for Appointment of an Expert**

Plaintiff requests that the court appoint "an expert in order to refute respondent's expert" on summary judgment. Dckt. No. 155. As explained below, plaintiff's motion must be denied.

Under Federal Rule of Evidence 706, a district court "may order the parties to show cause why expert witnesses should not be appointed . . . ." Fed. R. Evid. 706(a). Appointment of an expert under Rule 706 relieves the court and the jury from being "completely at the mercy of the parties' warring experts," and thus, only allows for the appointment of a expert who is a "genuine neutral." *In re High Fructose Corn Syrup Antitrust Litigation*, 295 F.3d 651, 665 (7th Cir. 2002).

////

---

[2] Given the concerns expressed in *Woods* regarding restrictions on a prisoner's ability to obtain access to, or even retain, his own legal files, *see* 2012 U.S. App. LEXIS 13779, at *16, the court finds that defendants must re-serve the motion in its entirety, including the hundreds of pages of exhibits.

In this case, plaintiff does not seek a neutral expert. Rather, he requests appointment of an expert witness for his benefit alone, which is not authorized by Rule 706. *See Gorton v. Todd*, 793 F. Supp. 2d 1171, 1177-78 (E.D. Cal. 2011). Additionally, the expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. *Tedder v. Odel*, 890 F.2d 210 (9th Cir. 1989). The in forma pauperis statute does not authorize the expenditure of public funds for witnesses. *See* 28 U.S.C. § 1915; *see also Gorton*, 793 F. Supp. 2d at 1184 n.11.

**IV.     Plaintiff's July 6, 2012 Request for Extension of Time**

Plaintiff requests an extension of time to file and serve objections to the June 22, 2012 findings and recommendations. Dckt. No. 160. Plaintiff's request is granted and plaintiff has until September 4, 2012, to file and serve any objections.

**V.      Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (Dckt. No. 151) is denied.

2. The deadline for filing dispositive motions is September 4, 2012.

3. Defendants' motion for summary judgment (Dckt. No. 153) is denied without prejudice.

4. On or before September 4, 2012, defendants may re-file and re-serve the May 25, 2012 motion for summary judgment. Defendants must contemporaneously serve with the motion, but in a separate document, a copy of the attached "*Rand* Notice," which provides plaintiff with notice of the requirements for opposing a motion for summary judgment. **Failure to do so may constitute grounds for denial of the motion.**

5. If defendants re-file their motion, plaintiff shall thereafter file and serve an opposition within thirty days, and defendants may thereafter file a reply within fourteen days.

6. Plaintiff's requests related to the motion for summary judgment (Dckt. Nos. 154, 158) are denied as moot.

7.  Plaintiff's request for appointment of an expert (Dckt. No. 155) is denied.

8.  Plaintiff's request for an extension of time (Dckt. No. 160) is granted and any objections to the June 22, 2012 findings and recommendations shall be filed and served no later than September 4, 2012.

DATED: August 20, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AZHAR LAL,

        Plaintiff,                    No. 2:07-cv-2060 KJM EFB P

    vs.

FELKER, et al.,
                                          *RAND* NOTICE[***]
        Defendants.
_____/

       The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

       When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial. If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant. A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

       To oppose a motion for summary judgment, you must show proof of your claims. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. *See* L.R. 260(b). If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion. The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. *See* L.R. 230(l).

       If the court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.

---

      [***] This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment. *See Woods v. Carey*, __ F.3d __, Nos. 09-15548, 09-16113, 2012 U.S. App. LEXIS 13779, at *1 (9th Cir. July 6, 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998).