IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AZHAR LAL,

      Plaintiff,                   No. 2:07-cv-02060 KJM EFB P

      vs.

FELKER, et al.,

      Defendants.            ORDER AND
                                               FINDINGS AND RECOMMENDATIONS
_____/

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently pending before the court is plaintiff's request that the Clerk of Court enter default as to defendant B.G. Flores and plaintiff's motion for entry of default judgment against the same. Dckt. Nos. 145, 149. For the reasons that follow, a Clerk's entry of defendant Flores's default is appropriate, but plaintiff's motion for default judgment must be denied.

**I.    Background**

This action proceeds on the amended complaint filed May 5, 2008. Dckt. No. 14. In that pleading, plaintiff alleges, among other things, that defendant Flores, a medical technical assistant at High Desert State Prison, failed to "call the plaintiff out" on several evenings in 2006 to check his blood glucose level and administer insulin. *Id.* at 6-8. According to plaintiff, defendant Flores did this in retaliation against plaintiff for filing inmate appeals. Docket No. 14

1

at 14. Plaintiff alleges that defendant's failure to effectuate plaintiff's treatment "put the plaintiff's life in jeopardy repeatedly because every time that the plaintiff needed his insulin injections [and] he was not given them it could have caused a heart attack, stroke and further complications to his diabetes." *Id.* at 8. Plaintiff alleges that defendant Flores's conduct was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the U.S. Constitution. *Id.* at 13-14. He seeks $100,000 in compensatory damages against defendant Flores and punitive damages of $1 million against all defendants. *Id.* at 14. Under plaintiff's computation, he seeks about $111,111 in punitive damages from defendant Flores specifically. Dckt. No. 145 at 3.

The docket in this action reveals that defendant Flores, having failed to return a service waiver, was personally served with the summons and complaint on November 3, 2011. Dckt. No. 140. Defendant Flores had 21 days from that date – until November 24, 2011 – to file an answer or a motion under Federal Rule of Civil Procedure 12(b). Fed. R. Civ. P. 12(a)(1)(A)(I), 12(b), 4(d). To date, defendant Flores has done neither.

## II.     Default and Default Judgment

To obtain a default judgment against a party, the Federal Rules of Civil Procedure require a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the party seeking a default judgment must ask the court clerk to enter the default under Federal Rule of Civil Procedure 55(a). *Id.* That rule provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Plaintiff has asked the court clerk to enter default (Docket No. 149), but the clerk has not done so as of this date. As noted above, defendant Flores has failed to plead or otherwise defend, and thus entry of defendant Flores's default is appropriate.

Federal Rule of Civil Procedure 55(b)(1) provides that, where the plaintiff seeks "a sum certain or a sum that can be made certain by computation" and provides an affidavit showing the

amount due, the clerk must enter judgment for that amount and costs against a defendant who has been defaulted. However, "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (C) investigate any other matter." *Id.*

"[A] claim is not a sum certain unless no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default." *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 928-29 (9th Cir. 2004) (following the First Circuit's definition of "sum certain" as set out in *KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 17-21 (1st Cir. 2003)). Plaintiff essentially alleges that defendant Flores's misconduct caused a risk to his health. The amount of compensation due for such an injury, and the amount of punitive damages appropriate for defendant Flores's alleged misconduct are subject to considerable doubt and thus the damages sought herein are not of a "sum certain" under Federal Rule of Civil Procedure 55(b)(1).

Accordingly, the court has discretion as to whether to enter a default judgment against defendant Flores.

> Factors which may be considered by courts in exercising discretion as to the entry of default judgment include (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); *see also Fair*

*Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).  Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)); *accord DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law" (citation and quotation marks omitted)); *Abney v. Alameida*, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim.").  Thus, a party's default conclusively establishes that party's liability on sufficiently-pleaded claims, but does not establish the amount of damages.  *Geddes*, 559 F.2d at 560; *see also Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990); *Doe v. Rafael Saravia*, 348 F. Supp. 2d 1112, 1143 (E.D. Cal. 2004).  To obtain a default judgment against a defendant for a claim for uncertain damages, the plaintiff must prove the amount of damages he seeks.  *Shanghai Automation Instrument Co., Ltd. v. KUEI*, 194 F. Supp. 2d 995, 1010 (N.D. Cal. 2001).

### III. Analysis

Considering the *Eitel* factors, plaintiff would not be prejudiced if the court were either to grant or deny default judgment against defendant Flores.  A default judgment would allow plaintiff to obtain damages against defendant Flores without continued litigation.  On the other hand, if default judgment were not granted, plaintiff cannot be said to be prejudiced by being required to prove his claims against defendant Flores.  Accepting plaintiff's allegations as true, he has a meritorious Eighth Amendment claim that defendant Flores deprived him of necessary treatment for his serious medical need with deliberate indifference, but in the experience of the undersigned such facts are often disputed.  As defendant Flores has not appeared, it is unclear whether his default was due to excusable neglect.  Plaintiff's request for over $200,000 in damages and the policy favoring merits-based decisions both weigh in favor of denying default

4

1  judgment.

2  More importantly, plaintiff has not offered any proof of his claimed damages. While
3  plaintiff alleges in the complaint that defendant Flores's failure to effectuate his evening
4  treatments presented a risk that he would suffer complications from his diabetes, he does not
5  claim that he actually suffered any adverse physical effects attributable to those missed
6  treatments. *See Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002) (holding that 42 U.S.C.
7  § 1997e(e) requires that a prisoner pursing a federal civil action must make prior showing of
8  more than de minimis physical injury for an award of compensatory damages). Nor does
9  plaintiff provide any other foundation for the claimed amount of compensatory or punitive
10 damages.

11 Accordingly, the undersigned recommends that the court deny plaintiff's motion for entry
12 of default judgment against defendant Flores without prejudice to its renewal, supported by
13 argument, and any evidence plaintiff may choose to offer, concerning the *Eitel* factors and
14 plaintiff's claimed damages.

15 **IV.   Order and Recommendation**

16 Accordingly, it is ORDERED that the Clerk of the Court enter the default of defendant B.
17 Flores and serve this defendant with this order at the address listed on Docket No. 140.

18 It is further RECOMMENDED that plaintiff's February 23, 2012 motion for default
19 judgment (Docket No. 145) be denied.

20 These findings and recommendations are submitted to the United States District Judge
21 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
22 after being served with these findings and recommendations, any party may file written
23 objections with the court and serve a copy on all parties. Such a document should be captioned
24 "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
25 ////
26 ////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 24, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE