IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AZHAR LAL,

        Plaintiff,                  No. 2:07-cv-2060 KJM EFB P

    vs.

FELKER, et al.,
                                   ORDER AND
        Defendants.           FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendants initially filed a motion for summary judgment on May 25, 2012. Dckt. No. 153. On August 20, 2012, the court denied defendants' motion without prejudice in light of the recent decision of *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012). Dckt. No. 163. Plaintiff had not yet filed an opposition to the summary judgment motion. On August 29, 2012, defendants re-filed and re-served their summary judgment motion, along with the notice to plaintiff required by *Woods*. Dckt. No. 166. Plaintiff has filed several motions in response. For the reasons stated below, plaintiff's motions must be denied, except that the court will grant plaintiff one 30-day extension of time to oppose the summary judgment motion.

////

////

**I.      Plaintiff's Objection to Defendants' Expert on Summary Judgment and Request to Exceed 50-Page Limit on Photocopies**

Defendants' motion for summary judgment includes the declaration of Bruce P. Barnett, M.D. Dckt. No. 168-8. Plaintiff argues that defendants are not allowed to rely on the declaration because "expert opinions are inadmissible under the Supreme Court's *Daubert* test . . . ." Dckt. No. 172 at 1 (citing *Ruffin v. Shaw Industries, Inc.*, 149 F.3d 294 (4th Cir. 1998)).

*Ruffin* discussed the factors a court is to consider when determining whether to admit scientific testimony. After considering those factors as to the plaintiffs' proposed expert testimony, including those set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the court concluded that the proposed testimony was inadmissible. *Ruffin*, 149 F.3d at 300. The court did not create a blanket rule, as plaintiff suggests, that expert opinions are improper on summary judgment. Rather, courts frequently rely on expert testimony in resolving summary judgment motions, and the Federal Rules of Evidence contemplate the same. *See* Fed. R. Evid. 702, 703. Plaintiff's motion, which fails to demonstrate that Barnett is not qualified to offer an expert opinion or that his opinion is not reliable, must be denied.

Plaintiff also requests an order directing the prison librarian to provide him with copies in excess of 50 pages so that he can adequately respond to defendants' 898-page summary judgment motion (including exhibits). Plaintiff admits to bypassing proper prison procedures in making this request. *See* Dckt. No. 172 at 4 (explaining that instead of submitting his opposition to the librarian with a reason for "why [the] motion is going to exceed 50 pages," as directed, he "ask[s] the Court to save [him] this trouble.").

A court order is not necessary at this time and plaintiff's request for a court order allowing copies in excess of 50-pages will therefore be denied. Plaintiff may obtain the requested copies if he complies with the librarian's instructions and properly requests copies in excess of 50 pages. Even if plaintiff's request is denied, he may overcome the 50-page copy limit by separating the pages of his opposition into sets of 50 pages or less. The court notes,

however, that the volume of exhibits submitted with defendants' motion should not be a barrier to plaintiff's ability to file an opposition brief (including exhibits), that does not exceed 50 pages in length.  Plaintiff need not reproduce copies of defendants' exhibits with his opposition.  Rather, plaintiff may rely on any previously submitted exhibits so long as he adequately cites to where those exhibits can be located in the record.

**II.      Plaintiff's Motion for Appointment of Expert**

Plaintiff requests that the court appoint "an expert in order to refute respondent's expert" or as a "neutral expert" for purposes of summary judgment.  Dckt. No. 173.  Plaintiff previously requested appointment of an expert solely for his benefit, which the court denied.  Dckt. No. 163.

Under Federal Rule of Evidence 706, a district court has discretion to appoint an expert witness.  Fed. R. Evid. 706(a).  Appointment of an expert under Rule 706 relieves the court and the jury from being "completely at the mercy of the parties' warring experts," and thus, only allows for the appointment of a expert who is a "genuine neutral."  *In re High Fructose Corn Syrup Antitrust Litigation*, 295 F.3d 651, 665 (7th Cir. 2002).

While plaintiff now requests a "neutral expert," the court does not find that appointment of a neutral expert is needed to resolve defendants' motion.  *See Ford v. Long Beach Unified Sch. Dist.*, 291 F.3d 1086, 1090 (9th Cir. 2002); *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999).  Moreover, plaintiff's pro se and in forma pauperis status do not entitle him to appointment of an expert.  *See Tedder v. Odel*, 890 F.2d 210 (9th Cir. 1989); *see also Moran v. Dovey*, No. 1:08-cv-0016 GBC, 2012 U.S. Dist. LEXIS 75691, at *2-3 (E.D. Cal. May 31, 2012) (denying plaintiff's request for appointment of expert witness, noting the court's "burgeoning docket of civil rights cases filed by prisoners proceeding pro se and in forma pauperis," and that "[t]he facts of this case are no more extraordinary and the legal issues involved no more complex than those found in the majority of the cases now pending before the Court.").  Plaintiff's request for appointment of an expert is denied.

////

### III. Plaintiff's Request for a 60-day Extension of Time to Oppose Defendants' Summary Judgment Motion

Plaintiff requests a 60-day extension of time to "adequately respond" to defendants' summary judgment motion. Dckt. No. 176. Plaintiff has been on notice of defendants' motion since May 25, 2012, when it was originally filed. Dckt. No. 153. Plaintiff does not explain what efforts, if any, he has made toward preparing an opposition brief or why, besides his alleged inability to obtain copies in excess of 50 pages, he requires an additional 60 days to oppose the motion.

The court will grant plaintiff a 30-day extension of time. Absent good cause, the court does not intend to grant additional requests for extensions of time.

### IV. Plaintiff's Motion for A Preliminary Injunction

On September 19, 2012, plaintiff filed a motion to protect his "legal property and person," which the court construes as a motion for a preliminary injunction. Dckt. No. 174. In the motion, plaintiff claims that prison officials are discriminating against him by requiring that he share a cell with inmates of a different race. *Id.* at 6. He submits evidence that he repeatedly gets in fights with his cellmates, and as a result, gets charged with mutual combat or battery. *Id.* at 2. He claims that if he were found guilty of the violations, he would be placed in a single cell. *Id.* at 4-5. He believes that prison officials are intentionally finding him not guilty, just to ensure that he continues to share a cell because they want him "to continue to hurt other inmates . . . until [he] kills another inmate or gets killed himself." *Id.* at 4. He also claims that prison officials improperly screen out his administrative appeals or fail to respond to his appeals. *Id.* at 4-6. For these reasons, plaintiff requests a court order providing him with single-cell status and requiring that his legal property "not be lost or tampered with." *Id.* at 9.

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871

F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it.  *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).  In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).  The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions--that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another--survives *Winter* and continues to be valid.  *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010).  "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met."  *Id.*  In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

Here, plaintiff has not shown a likelihood of success on the merits, nor has he shown any relationship between the preliminary relief sought and the subject matter of this lawsuit.  This action proceeds on plaintiff's claims that defendants retaliated against him and interfered with plaintiff's medical treatment.  In contrast, plaintiff's motion for a preliminary injunction involves completely different issues, that is, plaintiff's claim of unlawful discrimination, need for a single cell, and difficulties with the administrative appeal process.  Apart from plaintiff's unsupported allegations, there is no evidence establishing that plaintiff is likely to prevail on his medical treatment claims, or that the injunction sought is necessary to preserve the court's ability to grant effective relief on those claims and that it is the least intrusive means for doing so.

1  Moreover, the allegations on which plaintiff bases his motion for preliminary injunctive
2 relief are properly the subject of another lawsuit and cannot be cannot be adjudicated in this
3 action, where they cannot be properly exhausted through the administrative appeals process. *See*
4 *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam) *and Rhodes v.*
5 *Robinson*, 621 F.3d 1002, 1004-07 (9th Cir. 2010) (together holding that claims must be
6 exhausted prior to the filing of the original or supplemental complaint); *Jones v. Felker*, No. CIV
7 S-08-0096 KJM EFB P, 2011 U.S. Dist. LEXIS 13730, at *11-15 (E.D. Cal. Feb. 11, 2011); Fed.
8 R. Civ. P. 20(a)(2) (multiple defendants may be joined in an action only where the suit regards
9 "the same transaction, occurrence, or series of transactions or occurrences" or "any question of
10 law or fact common to all defendants"). Accordingly, plaintiff's motion for preliminary
11 injunctive relief, must be denied.

12 **V.     Order & Recommendation**
13        Accordingly, IT IS HEREBY ORDERED that:
14        1. Plaintiff's objection to defendants' expert and request for a court order (Dckt. No.
15 172) is denied.
16        2. Plaintiff's motion for the appointment of an expert (Dckt. No. 173) is denied.
17        3. Plaintiff's request for an extension of time (Dckt. No. 176) is granted to the extent that
18 plaintiff has 30 days from the date this order is filed to oppose defendants' summary judgment
19 motion.
20        Further, IT IS HEREBY RECOMMENDED that plaintiff's September 19, 2012 motion
21 (Dckt. No. 174), construed as a motion for a preliminary injunction, be denied.
22        These findings and recommendations are submitted to the United States District Judge
23 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
24 after being served with these findings and recommendations, any party may file written
25 objections with the court and serve a copy on all parties.  Such a document should be captioned
26 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

6

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 18, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE