UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AZHAR LAL,

        Plaintiff,

  v.

T. FELKER, et al.,

        Defendants.

Civ. No.  2:07-CV-2060 KJM EFB P

ORDER

I.  BACKGROUND

        On September 30, 2013, this court adopted the magistrate judge's findings and recommendations and granted the motion for summary judgment filed by defendants Baltzer, Barton, Callison, Carter, Cullison, Garrison, Miller and Yeager on plaintiff's Eighth Amendment claims.  ECF No. 200.

        On October 7, 2013, plaintiff filed a motion for reconsideration of this order, without citation to the Federal Rules of Civil Procedure.  ECF No. 201.  Defendants opposed this motion on October 24, 2013.  ECF No. 205.

        On October 24, 2013, plaintiff filed a motion to amend the judgment, citing both Rule 54 and Rule 59 of the Federal Rules of Civil Procedure.  ECF No. 206.  On the same day he filed a notice of appeal and a request for a certificate of appealability.  ECF Nos. 207, 208.

/////

1

II. THE MOTIONS FOR RECONSIDERATION

    A. Standard

Under Rule 59(e), a party may move to "alter or amend a judgment" within twenty-eight days of the entry of the judgment. Although the Rule does not list specific grounds for such a motion, the Ninth Circuit has said that a Rule 59(e) motion may be granted if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). This court has "wide discretion" when considering such a motion. *Turner v. Burlington Northern Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). The rule provides "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). A party filing a motion for reconsideration under this rule should not "ask the Court 'to rethink what the Court has already thought through,' merely because a plaintiff disagrees with the Court's decision." *Ramsey v. Arizona*, No. 05–3130–PHX–JAT, 2006 WL 2711490, at *1 (D. Ariz. Sep. 21, 2006) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Cal. 1983)). Such a motion "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Mazalin v. Safeway, Inc.*, No. CIV S-10-1445 KJM CMK, 2012 WL 5387704, at *1 (E.D. Cal. Nov. 1, 2012) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

As noted, plaintiff cites to Rule 54 as well as Rule 59 in urging reconsideration. Federal Rule of Civil Procedure 54(b) authorizes courts to revise "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). The Ninth Circuit has said a motion to amend the judgment "is a proper vehicle for seeking reconsideration of a summary judgment ruling," *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (per curiam), though some district courts in this

circuit have found a Rule 54 motion to be proper. *Regents v. Univ. of Calif. v. Bernzomatic*, No. 2:10-CV-1224 FCD GGH, 2011 WL 666912, at *2 (E.D. Cal. Feb. 11, 2011) (relying on Rule 54 in deciding whether to reconsider the denial of summary judgment). The standards are the same: reconsideration under Rule 54 is appropriate where there has been an intervening change in controlling law, new evidence has become available, or it is necessary to correct clear error or prevent manifest injustice. *Cachil Dehe Band of Wintun Indians v. California*, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009). Courts rely on Rule 59 cases when discussing the standard for Rule 54 motions. *See, e.g., Drover v. LG Elecs. USA, Inc*., No. 2:12–CV–510 JCM (VCF), 2013 WL 632103, at *1 (D. Nev. Feb. 19, 2013) (considering a motion to reconsider an interlocutory order and citing, among other things, *School Dist. No. IJ*, *Multnomah Cnty. Or. v. ACandS, Inc.,* 5 F.3d 1255 (9th Cir. 1993), a Rule 59(e) case); *see also Cachil Dehe Band of Wintun Indians*, 649 F. Supp. 2d at 1069 (same).

Plaintiff's notice of appeal does not divest this court of jurisdiction to determine the motion to amend the judgment under Rule 59(e). *Cf. Miller v. Marriott Int'l Inc*., 300 F.3d 1061, 1063 (9th Cir. 2002); *see* FED. R. APP. P. 4 (a)(4)(A)(iv).

B. Motion Filed October 7, 2013 (ECF No. 201)

Plaintiff has provided defendant Miller's answers to interrogatories, dated September 3, 2009; results of blood tests from 2006; copies of health care services request forms from 2006; a copy of an informed consent form for Risperdal from 2006; and copies of refusal of examination forms from 2004 and 2005. He has not claimed he did not have access to these materials before he filed his opposition to defendants' motion for summary judgment, but rather asks the court to reconsider its previous order "because of additional evidence which shows defendant Miller had acted with deliberate indifference. . . ." ECF No. 201 at 2. He also suggests that the refusal of treatment forms from earlier years shows "this was the appropriate procedure to be followed," and so the absence of any such forms from 2006 shows he did not refuse his insulin as defendants claim. *Id*. at 3. Once again, he has made no showing that this evidence was unavailable when he filed his opposition to the motion. Plaintiff has not shown he is entitled to reconsideration on these grounds.

3

   C. Motion Filed October 24, 2013 (ECF No. 206)

    Although the grounds for this motion are not totally clear, plaintiff appears to challenge the magistrate judge's refusal to consider plaintiff's opposition to defendant's reply. *See* ECF No. 194 at 1 n.1; ECF No. 186.  As the reply did not raise new issues or present new evidence, the sur-reply was improper and striking it was not error.  *See Carr v. Allied Waste Sys.*, 419 Fed. App'x 728 (9th Cir. 2011) (affirming district court's action in striking an unauthorized sur-reply); *El Pollo Loco v. Hashim*, 316 F.3d 1032, 1040-41 (9th Cir. 2003) (stating a court may permit a party to file a sur-reply to counter new arguments or evidence in a reply to an opposition); *Jackson v. Palombo*, No. 1:10–CV–01129 SKO PC, 2012 WL 1345784, at *1 n.5 (E.D. Cal. Apr. 16, 2012) (party does not have the right to file a sur-reply, nor is one contemplated by the federal rules).

    Plaintiff also argues, somewhat as an aside, that he had still not received the policies and procedures concerning "diabetic lines" nor has learned why defendant Flores was fired from CDCR.  ECF No. 206 at 4, ¶ 6.  Nothing suggests he was prevented from making a motion under Rule 56(d) of the Federal Rules of Civil Procedure to continue resolution of the summary judgment motion so he could pursue additional discovery; nothing he has presented in the instant motion satisfies the Rule 56(d) requirements.  *See Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991) (stating that party seeking more time under Rule 56(d) must show what facts he hopes to discover to raise a material issue of fact).  This motion is similarly without merit.

III. REQUEST FOR CERTIFICATE OF APPEALABILITY (ECF No. 208)

    An appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding unless the court issues a certificate of appealablity.  28 U.S .C. § 2253(c)(1)(A); *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003).  Plaintiff does not need a certificate of appealability in this civil rights action, however.  *Espinoza v. McDonald*, No. 2:11–CV–03358 MCE KJN P, 2013 WL 595287, at *1 (E.D. Cal. Feb. 14, 2013).

/////

/////

/////

4

IT IS THEREFORE ORDERED:

1. Plaintiff's motions for reconsideration, ECF Nos. 201 & 206, are denied; and

2. Plaintiff's motion for a certificate of appealability, ECF No. 208, is denied.

Dated: November 5, 2013.

_____
UNITED STATES DISTRICT JUDGE