UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZHAR LAL,<br><br>  Plaintiff,<br><br>  v.<br><br>T. FELKER, et al.,<br><br>  Defendant. | Civ. No.  S-07-2060 KJM EFB<br><br><br>ORDER |

Plaintiff, a state prison inmate, has filed a motion to reconsider the magistrate judge's order of December 17, 2013.  ECF No. 227.  After considering plaintiff's arguments, the court DENIES the motion.

I.  BACKGROUND

On December 17, 2013, the magistrate judge granted defendants' unopposed motion to file a second dispositive motion, gave plaintiff sixty days in which to file his opposition, limited the opposition to fifty pages, and denied plaintiff's request for a court order directing the librarian to allow him to make copies in excess of 50 pages.   ECF No. 213.

On January 1, 2014, plaintiff mailed his motion for reconsideration of that order.  ECF No. 227.  He explains that he had prepared a 58-page opposition to defendant's second motion and mailed it before he received the order restricting his opposition to 50 pages.  Although his current motion is not particularly clear, it appears he may be objecting to the page

1

1 limits.  He also requests further discovery, suggesting that defendants have not disclosed
2 pertinent information.  ECF No. 227 at 3.
3 II.  ANALYSIS
4       Federal Rule of Civil Procedure 72(a) directs district judges to consider timely
5 objections to nondispositive pretrial orders issued by magistrate judges and to "modify or set
6 aside any part of the order that is clearly erroneous or is contrary to law."  *See also* Local Rule
7 303(f) & 28 U.S.C. § 636(b)(1)(A).  "'A finding is 'clearly erroneous' when although there is
8 evidence to support it, the reviewing [body] on the entire evidence is left with the definite and
9 firm conviction that a mistake has been committed.'" *Concrete Pipe and Prods. v. Constr.*
10 *Laborers Pension Trust*, 508 U.S. 602, 622 (1993) (quoting *United States v. United States*
11 *Gypsum Co.*, 333 U.S. 364, 395 (1948)).  "[R]eview under the 'clearly erroneous' standard is
12 significantly deferential . . . ." *Id.* at 623.  "To succeed [on a motion for reconsideration], a party
13 must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior
14 decision." *Enriquez v. City of Fresno*, No. CV F 10–0581 AWI DLB, 2011 WL 1087149, at *1,
15 at *3 (E.D. Cal. Mar. 23, 2011).  Furthermore, when filing a motion for reconsideration, a party
16 must show "what new or different facts or circumstances are claimed to exist which did not exist
17 or were not shown upon such prior motion, or what other grounds exist for the motion."  Local
18 Rule 230(j)(3).  "A motion for reconsideration 'may not be used to raise arguments or present
19 evidence for the first time when they could reasonably have been raised earlier in the litigation.'"
20 *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)
21 (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).
22       Under Local Rule 303(c), the party seeking reconsideration "shall specifically
23 designate the ruling, or part thereof, objected to and the basis of that objection."  Plaintiff has not
24 complied with the rule, leaving the court to guess what portion of the December 17 order he is
25 challenging.  If he seeks reconsideration of the 50-page limit, this court does not find the
26 limitation to be clearly erroneous.
27 /////
28 /////

1 As noted above, plaintiff includes a request for additional discovery. However, as
2 the magistrate judge's December 17 order does not address discovery, the request is not properly
3 before this court as part of a motion for reconsideration.
4 IT IS THEREFORE ORDERED that the motion for reconsideration, ECF No. 227,
5 is denied.
6 DATED: May 7, 2014.

_____
UNITED STATES DISTRICT JUDGE