UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZHAR LAL,<br><br>        Plaintiff,<br><br>    v.<br><br>FELKER, et al.,<br><br>        Defendants. | No.  2:07-cv-2060-KJM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  He has filed a request for an "injunction for a single cell and for the protection of [his] legal property."  ECF No. 189.  The filing is similar to an earlier motion for injunctive relief, *see* ECF No. 174, denied on September 30, 2013. ECF No. 200.  As in his earlier motion, plaintiff says he fears that he will be forced to share a cell with an inmate with whom he is not compatible, which will in turn, lead to violence.  He also fears that prison officials may destroy his legal property because in the past they have, allegedly falsified paperwork.  Plaintiff has also filed a "motion to compel [the] Clerk of the Court & California State Prison-Sacramento Mail Room to follow . . . Federal Legal Mailing Procedures," which the court construes as another request for injunctive relief. ECF No. 193.  For the reasons stated below, it is recommended that the motions be denied.

/////

1

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.,* 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another—survives *Winter* and continues to be valid. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." *Id.* In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Here, plaintiff has not shown a likelihood of success on the merits, nor has he shown any relationship between the preliminary relief sought and the subject matter of this lawsuit. This action proceeds on plaintiff's claims that defendants retaliated against him by interfering with his diabetes treatment. *See* ECF Nos. 194, 200. In contrast, plaintiff's motions for injunctive relief involve completely different issues not raised in this action; i.e., plaintiff's claimed need for a single cell, his allegations regarding the falsification of paperwork, and his allegations that prison and court officials are not "following all legal mailing procedures." Furthermore, apart from plaintiff's unsupported allegations, there is no evidence establishing that plaintiff is likely to

prevail on those unrelated claims or on his retaliation claims in this case, or that the injunctions sought are necessary to preserve the court's ability to grant effective relief on those claims and that it is the least intrusive means for doing so.

Moreover, the allegations on which plaintiff bases his motion for preliminary injunctive relief are properly the subject of another lawsuit and cannot be cannot be adjudicated in this action, where they cannot be properly exhausted through the administrative appeals process. *See McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam) and *Rhodes v. Robinson*, 621 F.3d 1002, 1004-07 (9th Cir. 2010) (together holding that claims must be exhausted prior to the filing of the original or supplemental complaint); *Jones v. Felker*, No. CIV S-08-0096 KJM EFB P, 2011 U.S. Dist. LEXIS 13730, at *11-15 (E.D. Cal. Feb. 11, 2011); Fed. R. Civ. P. 20(a)(2) (multiple defendants may be joined in an action only where the suit regards "the same transaction, occurrence, or series of transactions or occurrences" or "any question of law or fact common to all defendants").  Accordingly, plaintiff's motions for preliminary injunctive relief must be denied.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's May 16, 2013 motion for a preliminary injunction (ECF No. 189) and August 2, 2013 motion to compel (ECF No. 193), construed as a request for a preliminary injunction, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 25, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE