UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZHAR LAL,<br><br>              Plaintiff,<br><br>     v.<br><br>FELKER, et al.,<br><br>              Defendants. | No.  2:07-cv-2060-KJM-EFB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  This order addresses the following motions filed by plaintiff: (1) request for appointment of counsel; (2) motion for discovery; and (3) requests to exceed the "50 page limit."  For the reasons stated below, plaintiff's motions are denied.

**I.  Request for Appointment of Counsel (ECF No. 224)**

Plaintiff requests that the court appoint counsel.  ECF No. 224.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to

1

articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

**II. Motion for Discovery (ECF No. 227)**

Plaintiff is requesting further discovery because "evidence" exists that plaintiff believes defendants should disclose. ECF No. 227 at 3. Specifically, plaintiff seeks discovery as to why the defendant medical technical assistants "were turned into guards," why defendant Flores was "relieve[d]" from CDCR, a copy of his "updated" medical file, a copy of the amended complaint, and "a copy of the litigation" in a Lassen County Superior Court case. *Id.* at 3-4. In his reply to defendants' opposition to the motion, plaintiff states that the discovery is relevant to whether the defendants were deliberately indifferent to his medical needs. ECF No. 237 at 4. That issue, however, has already been decided by the court. *See* ECF No. 200 (Order dated September 30, 2013, granting defendant Baltzer, Barton, Callison, Carter, Cullison, Garrison, Miller, and Yeager's motion for summary judgment on plaintiff's Eighth Amendment claims that they were deliberately indifferent to his medical needs); ECF No. 211 (Order denying plaintiff's motion for reconsideration of September 30, 2013 Order).

In addition, plaintiff's motion, filed January 6, 2014, is untimely, as discovery closed long ago on August 20, 2012. ECF No. 163 at 3. Plaintiff does not argue that the requested discovery is required in order to address a pending motion; rather, he claims that it relates to an issue that has already been decided by the court. Absent good cause, which plaintiff has not shown, discovery will not be re-opened. *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence). The court also notes that plaintiff may access his central file and medical records by properly making a request with the appropriate prison officials, and that materials pertinent to cases that plaintiff is litigating should be equally available to him. Plaintiff's motion for discovery is denied.

/////

/////

**III.  Request to Exceed 50-page Limit (ECF Nos. 239 & 243)**

Plaintiff has filed two requests to be excused from the "50 page limit." ECF Nos. 239, 243.  He states that he previously filed documents with the court in excess of 50 pages and seeks an extension of time to file documents that comply with the court's 50 page limit.  ECF No. 234.  Plaintiff's motions are denied, as the court never imposed a page limit on plaintiff's filings, and there is no need for plaintiff to file (or re-file) any documents with the court at this time.[1]

**IV.  Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for appointment of counsel (ECF No. 224) is denied.

2.  Plaintiff's motion for discovery (ECF No. 227) is denied.

3.  Plaintiff's requests to exceed the "50 page limit" (ECF Nos. 239 & 243) are denied.

DATED: July 2, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] On December 17, 2013, the court denied as unnecessary plaintiff's request for a court order directing the prison librarian to make him copies in excess of 50 pages.  ECF No. 218.  That order did not impose any page limit of plaintiff's filings with the court.

3