UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZHAR LAL, | No. 2:07-cv-2060-KJM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| FELKER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He claims that defendant Flores retaliated against him in violation of the First Amendment and interfered with his medical treatment in violation of the Eighth Amendment between June 2006 and October 2006. Pending before the court is plaintiff's "Motion to Compel and Motion to Locate . . . Legal Property . . . and Motion to Allow Plaintiff to Correct his Deposition Due to Forgetfulness." ECF No. 266. Defendant Flores filed an opposition, and plaintiff filed a reply. ECF Nos. 267, 268. As discussed below, plaintiff's motion to compel is granted in part, his motion to locate property is denied, and his motion to correct his deposition transcript is granted.

**I. Motion to Compel**

Plaintiff moves to compel defendant Flores to provide further responses to his two requests for production of documents (RFPs) and to interrogatory numbers 1, 3, 6, and 7.

/////

RFP No. 1 sought "All CDCR-602's and Citizen Complaints that were filed against [defendant]." Defendant appropriately objected to this request as overbroad because it pertains to any and all appeals and complaints asserted against him at any time, regardless of whether the conduct alleged is similar to the conduct alleged in this action. Nevertheless, defendant searched for appeals filed against him relating to conduct that occurred prior to 2007. Defendant located three appeals, only one of which alleged conduct similar to that asserted in this action.[1] Defendant provided plaintiff with a copy of that appeal and redacted the names of the other correctional staff involved. ECF No. 266, Ex. B. Plaintiff complains that the inmate's name was also redacted and that the copy of the appeal is too light. *Id.* at 2. Review of plaintiff's own exhibit, however, shows that the appeal includes the complaining inmate's name and CDCR number. And while some written portions of the appeal are illegible, it can still be fairly understood as a whole. *Id.*, Ex. B, Attach. 1. Plaintiff's motion is denied in these respects.

Without any showing of relevance, plaintiff also argues that defendant should produce the other two appeals. However, plaintiff has not shown that defendant's objections are unjustified. Defendant adequately responded to RFP No. 1 by providing a copy of the only relevant appeal alleging conduct similar to that asserted in this action.

Lastly, plaintiff's request for citizen's complaints, which are filed by non-inmates, is denied. There is no indication that defendant's job responsibilities as a medical technical assistant involved treating non-inmates, and plaintiff fails to show that complaints filed by non-inmates would be reasonably calculated to lead to the discovery of admissible evidence. For these reasons, plaintiff's motion to compel a further response to RFP No. 1 is denied.

RFP No. 2 sought "All civil actions that [Flores] was named as a defendant." Defendant objected to the request as overbroad and not calculated to lead to the discovery of admissible evidence because it includes all types of civil actions, asserted at any point in time. Defendant also points out that lawsuits ordinarily are publically available and that plaintiff could obtain copies of any lawsuits filed against defendant by conducting research through PACER or the

---

[1] As reflected in Flores's privilege log, the other two appeals alleged assault by a correctional officer. ECF No. 266, Ex. B.

2

1  Lassen County Superior Court website at the law library where he is housed.  Plaintiff does not
2  dispute that the information requested is already available to him, or otherwise sustain his burden
3  of demonstrating that defendant's objections are unjustified.  Nor has he shown that prison
4  authorities have denied him access to that information.  Accordingly, plaintiff's motion is denied
5  without prejudice as to this request.

6  Interrogatory No. 1 asked "What was the reason for you being discharged from High
7  Desert State Prison?"  Defendant objected to the request as not calculated to lead to the discovery
8  of admissible evidence and as seeking privileged and/or confidential information.  Defendant also
9  responded that "[f]or reasons unrelated to his employment with CDCR, [he] was unable to carry
10 or use weapons and so was unable to be employed as a Correctional Officer for CDCR."  In his
11 motion, plaintiff clarifies that he is not interested in why defendant was unable to be employed as
12 a correctional officer, but rather, as to why defendant could no longer be employed as a medical
13 technical assistant (MTA).  *See* ECF No. 266 at 2 ("if [defendant] was not adequately trained as a
14 MTA then he must state so and explain").  So clarified, defendant shall provide an amended
15 response and defendant's objections to the request are overruled.  The circumstances regarding
16 defendant's separation from High Desert State Prison/CDCR as a medical technical assistant,
17 which may or may not relate to his job performance, could "lead to evidence of a continuing
18 course of conduct reflecting malicious intent," or "reveal . . . patterns of behavior."  *Soto v. City*
19 *of Concord*, 162 F.R.D. 603, 615 (N.D. Cal. 1995).  To the extent the interrogatory implicates any
20 privacy interests, defendant can protect those interests through means such as redaction or a
21 protective order.

22 Interrogatory No. 2 asked, "After you were discharged by High Desert State Prison were
23 you employed by another CDCR institution?  If not, why?"  Defendant responded that "after
24 leaving HDSP, [he] did not work at any other CDCR institutions."  Defendant objected to the
25 second part of the interrogatory as compound, and did not provide a response.  Interrogatory No.
26 3 essentially repeated the second part of interrogatory no. 2, asking "If your answer was no to the
27 above interrogatory, then please explain why not?"  Defendant again objected on relevance and
28 privacy grounds, but responded that he "was unable to carry or use weapons and so was not able

to work as a Correctional Officer for CDCR." In light of plaintiff's clarification that he is seeking information regarding defendant's ability to be employed as a medical technical assistant and not as a correctional officer, defendant shall amend his response. Defendant's objections are overruled for the same reasons as those to interrogatory no. 1.

Interrogatory No. 6 stated, "Per the Policy and Procedures of CDC-7225 REFUSAL OF EXAMINATION AND/OR TREATMENT on 7/24/04 you completed a CDC-7225 on plaintiff (which CDC-7225 is attached at EXHIBIT-C)." Defendant objected to the request as vague and ambiguous as to the terms "Per the Policy and Procedures of CDC-7225." Defendant also responded that a similar Refusal of Examination and/or Treatment form was used in 2006. After reading plaintiff's motion to compel, defendant states that he now understands the interrogatory as encompassing two issues: "(1) whether the CDC-7225 form used on July 25, 2004, also was in use in 2006; and (2) whether the policy concerning the use of this form was in force in 2006." ECF No. 267 at 8. Notwithstanding his clear understanding of plaintiff's interrogatory, defendant objects to it as compound. The objection is overruled. Plaintiff propounded only nine interrogatories and is well within Rule 33's 25-interrogatory limit. Plaintiff's motion to compel a further response to interrogatory no. 6 is granted.

Interrogatory No. 7 asked, "If the above Policy and Procedure concerning the completing of a CDC-7225 Form was in place/force in 2006, then why didn't you complete such a Form in the times plaintiff states that you did not provide him with his diabetes diabetes [sic] treatment in the Complaint or Amended Complaint?" Defendant objected to the interrogatory as vague, argumentative, and assuming facts. He also responded that "he completed a CDC-7225 Form on those occasions when he was on duty and Plaintiff did not appear for blood glucose checks or insulin injections." Plaintiff's motion challenges the veracity of this response. Whether or not the response is truthful is a matter to be resolved at trial, not in a motion to compel. Plaintiff's motion to compel a further response to interrogatory no. 7 is denied.

**II.  Motion to Locate Legal Property**

Plaintiff alleges that some of his legal property was left behind when he transferred from CSP-Sacramento to Kern Valley State Prison (KVSP). Plaintiff is concerned that the property

may contain documents responsive to defendant's discovery requests. He asks that the court order CSP-Sacramento to forward his property to KVSP "so that [he] can comply with [defendant's] request." ECF No. 266 at 3. Defendant did not move to compel further discovery responses from plaintiff and the deadline for doing so has passed. *See* ECF No. 265. Thus, plaintiff's stated need for his property is moot. His request is therefore denied.

### III. Motion to Correct Deposition

Plaintiff seeks a court order allowing him to review his deposition transcript to make any corrections. Defendant submits a declaration from the Litigation Coordinator stating that arrangements were made for plaintiff to review the transcript, and that plaintiff refused. ECF No. 267-1, Ex. B. Plaintiff responded with his own declaration, stating that he was only provided with five minutes to review and make corrections to the transcript. ECF No. 268. In light of these conflicting accounts, and in an abundance of caution, defendant is directed to provide plaintiff with a meaningful opportunity to review the deposition transcript.

### IV. Order

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel is granted in part, his motion to locate property is denied, and his motion to correct his deposition transcript is granted (ECF No. 266).
2. Defendant Flores shall provide further discovery responses as noted in this order on or before December 22, 2015. Any further motions to compel with regard to those responses must be filed on or before January 15, 2016.
3. On or before December 22, 2015, defendant shall afford plaintiff a meaningful opportunity to review his deposition transcript and shall submit a declaration with the court regarding the same.

Dated: December 1, 2015.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5