UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZHAR LAL,<br><br>     Plaintiff,<br><br>    v.<br><br>T. FELKER, et al.,<br><br>     Defendants. | No. 2:07-cv-2060-KJM-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendant B.G. Flores (hereafter "defendant") has filed a motion for summary judgment.[1] ECF No. 271.[2] For the reasons stated hereafter, it is recommended that defendant's motion for summary judgment be granted.

/////

/////

---

[1] All other defendants were previously dismissed. ECF No. 257.

[2] The parties, apparently dissatisfied with the briefing schedule under Local Rule 230(*l*), have taken the liberty to invent a new one here. Plaintiff filed an opposition to the motion and defendant filed a reply. ECF Nos. 278, 279. But wanting to have the last word, plaintiff then filed an unauthorized opposition to defendant's reply (ECF No. 280) to which defendant objected (ECF No. 281). Plaintiff then filed a second opposition to defendant's objections (ECF No. 282), defendant filed more objections (ECF No. 283) and plaintiff filed an opposition to their objections (ECF No. 284).

1

## I. Plaintiff's Unauthorized Oppositions

As a preliminary matter, the court will address the unauthorized oppositions (ECF Nos. 280, 282, & 284) which plaintiff filed after the submission of defendant's reply. Neither the Federal Rules of Civil Procedure nor this district's Local Rules entitle a party to a surreply as a matter of right. Instead, the Local Rules provide for a motion, a response in opposition to the motion, and a reply. *See* E.D. Cal. L. R. 230(b)-(d), (*l*). The court may, in its discretion, allow a surreply "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Hill v. England*, 2005 U.S. Dist. LEXIS 29357, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005). Those circumstances are not implicated here and plaintiff did not ask the court's permission prior to submitting either surreply. Plaintiff argues that his surreplies were necessary because defendant filed an unauthorized surreply of his own. ECF No. 282 at 1. He is mistaken, however. Defendant was entitled to submit a reply brief and properly filed one. ECF No. 279. At that point, the matter stood submitted and no further filings were permitted absent leave of the court. Local Rule 230(*l*). Accordingly, the court will strike plaintiff's unauthorized surreplies and will consider only the content of the motion (and its attached exhibits), plaintiff's first opposition to the motion, and defendant's reply (ECF Nos. 271-272, 278, & 279).

## II. Plaintiff's Complaint

This action proceeds based on plaintiff's amended complaint filed May 5, 2008. ECF No. 14. He is an inmate in the custody of the California Department of Corrections and Rehabilitation and was housed at the High Desert State Prison when the events giving rise to this action allegedly occurred. *Id*. ¶¶ 8 & 19. The parties do not dispute that plaintiff has an extensive history of treatment for Type 2 diabetes mellitus. ECF No. 271-2 ¶¶ 13-19; ECF No. 278 at 3. At the times relevant to this lawsuit, plaintiff's treatment plan included twice daily (morning and evening) blood glucose checks. ECF No. 14 ¶¶ 22, 26. Plaintiff claims that from approximately June 2006 until October 2006, he was not "called out"[3] to the unit clinic for evening blood

---

[3] Plaintiff claims that he could not receive his evening glucose check without being called to the clinic by medical staff. ECF No. 14 ¶ 23.

glucose checks on numerous occasions. *Id.* ¶¶ 23-33. He alleges that the defendant, a Medical Technical Assistant ("MTA"), was responsible for ensuring that some[4] of these call-outs occurred. *Id.* ¶¶ 24-25, 29, 33. As a result of these missed call-outs, plaintiff claims that he was given insufficient insulin to control his diabetes and now suffers from permanent nerve damage (neuropathy) to his feet and legs. *Id.* ¶¶ 34, 39. Finally, plaintiff alleges that he filed administrative grievances against the defendant in June and August of 2006 and that the failure to issue these call-outs was retaliatory. *Id.* ¶¶ 24-25, 29, 34.

**III.    Legal Standards**

    **A. Summary Judgment Standard**

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it

---

[4] He alleges that the defendant was responsible for his missed call-outs on: June 28 & 29, August 9 & 10, August 17, August 19, August 23, September 9, September 16, September 19, September 28, September 30, October 3 - 7, October 11 & 12, and October 19 - 21. ECF No. 14 ¶¶ 24-25, 29, 33.

3

believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson,* 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See, e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id.* If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails

in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See id.* at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In that case, the court must grant summary judgment.

Concurrent with his motion for summary judgment, defendant advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.

ECF No. 271 at 2; *see Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

### B. Eighth Amendment Standards

To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial, delay, or intentional interference with medical treatment, or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.*

It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eighth Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Plaintiff must show a deliberate disregard for a known medical need. The Ninth Circuit has made clear that a difference of medical opinion is, as a matter of law, insufficient to

establish deliberate indifference. *See Toguchi*, 391 F.3d at 1058. "Rather, to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" *Id.* (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)).

### C. First Amendment Retaliation Standards

To establish liability for retaliation in violation of the First Amendment, a prisoner must show five elements: (1) that a state actor took some adverse action against him (2) because of (3) his protected conduct, (4) that such action chilled his exercise of his First Amendment rights, and (5) that the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). The plaintiff need not demonstrate that his speech was actually inhibited or suppressed, but merely that the defendant's conduct was such as would chill or silence a person of ordinary firmness from future First Amendment activities. *Id.* at 568-69. Conduct protected by the First Amendment includes communications that are "part of the grievance process." *Brodheim v. Cry*, 584 F.3d 1262, 1271 n.4 (9th Cir. 2009).

### IV. Analysis

Defendant presents three arguments in support of summary judgment. First, he argues that the deliberate indifference claims against him fail insofar as he was not responsible for calling plaintiff to the clinic for glucose checks. Thus, he argues, he cannot be liable for any deliberate indifference stemming from the failure to do so. Second, he contends that this same lack of responsibility precludes plaintiff's First Amendment retaliation claims. Finally, defendant argues that he is entitled to qualified immunity.[5]

/////

/////

/////

/////

---

[5] Because the court finds that defendant is entitled to summary judgment on the merits, it need not address the issue of qualified immunity.

### A. Deliberate Indifference Claim

The court previously weighed the role of other defendant MTAs[6] in plaintiff's care. ECF No. 194. In so doing, it determined that it was the unit correctional officers, rather than the MTAs, who were responsible for releasing inmates for clinic treatment. *Id*. at 10-11. Defendant has offered similar evidence in support of the immediate motion and plaintiff has again failed to meaningfully refute it. Notably, the declaration of Control Officer J. McCullough states that diabetic inmates in the Behavioral Modification Unit - where plaintiff was housed at the times relevant to this action - had standing medical orders indicating how often they needed to visit the clinic. ECF No. 166-16 at 3.[7] As a result, clinic medical staff did not have to issue a call-out to secure an inmate's release for daily treatment. *Id*. Defendant and E.L. Callison (another MTA at the HDSP) have also submitted declarations which attest to this procedure. ECF No. 272-2 at 3; ECF No. 272-3 at 3.

Plaintiff calls these declarations "self-serving" and argues that unit Chronic Care Guidelines required defendant, in the event plaintiff failed to show for a clinic appointment, to call correctional officers in order to ascertain his whereabouts. ECF No. 278 at 7. He also contends that unit policy required defendant to prepare certain forms on each occasion treatment was not provided. *Id*. at 19. First, labelling a declaration "self-serving" does not serve as a substantive challenge to its content. Second, the guidelines plaintiff cites[8] do not contradict the aforementioned declarations insofar as they evince no requirement that MTAs issue a "call-out" to secure an inmate's daily treatment. Third, defendant's alleged failure to adhere to other aspects

---

[6] Those defendants are Baltzer, Barton, Callison, Carter, Cullison, Garrison, and Yeager. The immediate defendant had not yet moved to set aside the default entered against him at the time the court considered this issue.

[7] The exhibit containing this declaration was divided into two parts in defendants' previous summary judgment motion. ECF No. 166-16 & ECF No. 166-17. By apparent mistake, only the second part was reproduced in support of the current motion. ECF No. 272-1. The court will therefore refer to the exhibit attached to the earlier motion.

[8] Defendant correctly notes that one of the guidelines attached to plaintiff's opposition is irrelevant because it references a different facility (California State Prison Sacramento) and was not instituted until 2012. ECF No. 278 at 126.

8

of unit policy is irrelevant because plaintiff's complaint did not raise these claims. *See Pickern v. Pier 1 Imports (U.S.), Inc.,* 457 F.3d 963, 968 (9th Cir. 2006) (holding that allegations which the plaintiff raised for the first time at the summary judgment stage failed to provide the fair notice which Rule 8(a)(2) of the Federal Rules of Civil Procedure requires).

Even if plaintiff could demonstrate that defendant bore responsibility for the missed glucose checks, plaintiff would still be required to establish that these omissions harmed his health. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."); *see also Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013) (holding that "plaintiffs alleging deliberate indifference must also demonstrate that the defendants' actions were both an actual and proximate cause of their injuries"). Defendant has provided the declaration of Dr. Bruce Barnett who states that the neuropathy plaintiff suffers is unlikely to have been caused by any "episodic elevations of his blood glucose levels . . . from late September to late October 2006." ECF No. 271-5 ¶ 208. Dr. Barnett goes on to explain that plaintiff's blood sugar levels readings were never alarmingly high during the relevant period and that plaintiff's insomnia and anxiety are not likely to have been caused by high blood sugar. *Id*. ¶¶ 209-210. Finally, Dr. Barnett opines that plaintiff's diabetic care during the relevant period met appropriate medical standards and was never deliberately indifferent. *Id*. ¶¶ 212-213.

Plaintiff has not provided any countervailing expert testimony of his own. Instead, he attacks Dr. Barnett's affidavit as inconsistent insofar as it describes diabetic individuals as having a higher risk of neuropathy even as it simultaneously attributes plaintiff's own neuropathy to causes other than his missed glucose checks. ECF No. 278 at 32. These statements are not logically inconsistent, however. The latter portion of Dr. Barnett's affidavit does not disavow a connection between diabetes and neuropathy[9]; it states only that "episodic elevations" of blood sugar levels of the kind at issue in this case were unlikely to have caused the symptoms plaintiff

---

[9] The affidavit does advance other potential causes of neuropathy, including medication side effects. ECF No. 271-5 ¶ 209.

for which complains. Plaintiff's references to materials published by the American Diabetes Association (ECF No. 278 at 32, 249-253) are also unavailing. These documents contain only general information about diabetes and are insufficient to either rebut Dr. Barnett's opinions or establish that plaintiff's missed glucose checks caused him harm.

### B. Retaliation Claim

Plaintiff's retaliation claim should also be dismissed. As noted above, the weight of evidence indicates that defendant was not responsible for calling plaintiff out for evening glucose checks. As such, he could not have retaliated against plaintiff in the manner alleged. Additionally, plaintiff has not provided any evidence which would elevate this allegation beyond conclusory speculation. *See Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("Mere speculation that [a defendant] acted out of retaliation is not sufficient."). His complaint alleges only that he filed administrative grievances relating to his diabetic care and that the unit MTAs (including defendant) retaliated against him for doing so. ECF No. 14 at 8. Plaintiff never describes how he determined that the missed glucose checks were retaliation for the exercise of his protected conduct, however, and his failure to do so invokes the logical fallacy of *post hoc, ergo propter hoc* – "after this, therefore because of this." *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000).

### V. Conclusion

For the reasons stated above, it is hereby ORDERED that plaintiff's surreplies (ECF Nos. 280, 282, & 284) are stricken from the record.

Further, it is hereby RECOMMENDED that defendant's motion for summary judgment (ECF No. 271) be granted, judgment be entered in defendant's favor, and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 2, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE